United States Courts
Southern District of Texas
F I L E D

JAN 27 2020

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,  )
    Plaintiff-Respondent, )
                      )
        Vs.           )
                      )
                      )
Babajide Tolulope Babatunde, )
    Petitioner [Movant] )

Case No. H-18-176

Civil No. 4:19-CV-4360

## MOTION FOR SUMMARY JUDGMENT
### (Fed.R.Civ.P. 56(a))

The Honorable District Judge:

COMES NOW, Babajide Tolupe Babatunde (herinafter Petitioner), having fully cured the defense of the United States Government by withdrawing his appeal at the appellate court to establish finality and jurisdiction of this honorable court, move for summary judgment in favor of the Petitioner's 2255 motion to vacate, set aside or correct sentence to vacate or set aside the judgment.

### Grounds for Motion

Petitioner contends and asserts that summary judgment should be rendered in favor of Petitioner because:

### 1.

There is no genuine dispute as to any material facts and claims in the United States' response to invalidate the claims of the petitioner other than the fact that defendant has not establish extraordinary circumstance and the pending of petitioner Petitioner's appeal at the Court of Appeals bar jurisdiction of the District Court.

1

Petitioner was able to cure this by withdrawing his appeal from the appellate court to establish jurisdiction on the district court even though there is no jurisdictional bar for the adjudication of 2255 motion even while appeal is pending. Petitioner was also able to establish extraordinary circumstance.

2.

On these undisputed facts, Petitioner is the party entitled to judgment as a matter of law because:

Petitioner established claims of ineffective assistance of counsel. Having fully satisfied the two standardized prongs of **Strickland**, Petitioner hereby establish cause and prejudice. Petitioner establised that misrepresentations, bad faith and continous disloyalty of his ex-counsel has deprived Petitioner of his Sixth Amendment. Acts which rose to the level to be seen as complete denial and erroneous representation.

Court has made clear that there "is no""single, inflexible criterion" that must be met in order for an error to be deemed "structural" and prejudicial per se. Instead, the court identified that a error may be deemed "structural" because the type of constitutional violation that accured is one that necessarily renders a trial fundamentally unfair and deprived Petitioner of 'basic protections' without which "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair" Errors such as "the complete deprivation of counsel have been classified as

structural error. See, <u>United States v. Gonzalez-Lopez</u>, 548 U.S.
140, 148-49(2006), <u>Puckett v. United States</u>,(2009), <u>Meder v.</u>
<u>United States</u>, <u>Washington v. Rechenco</u>,(2006).

### 3.

Petitioner contends that the pertinent facts of this case
are fully developed in the record before the court because this
court can "adequately access Petitioner's claims without further
factual development" See, <u>Turner v. Crosby</u>, 339 F.3d 1244,1275
(11th Cir.2003)

Petitioner has preponderance of evidences to establish his
claims of ineffective assistance of counsel. Please, see some
attached exhibits (marked "material evidence A). This exhibits
shows proofs of misrepresentations, disloyality and conflicts of
interests.
Thus to prove actual conflict, a defendant must "point to
specific instances in the record"and make a factual showing of
<u>inconsistent interests,</u> see,<u>Thomas v. Foltz</u>, 818 F.2d 476,481
(6th Cir.1987)(quoting from- <u>United States v. Mers</u>, 701 F.2d
1321, 1328 (11th Cir.1983).

In motions filed where ex-counsel expressively pronounces or
declares himself as attorney to another defendant on motions
submitted as entries on Petitioner's docket, motion for notice
of appearance admitting and openly declaring loyalty to another
defendant is complete denial of counsel. Also on the record,
ex-counsel was hoping the Appellate Court will dismiss

Petitioner's appeal on grounds of non-compliance, which is why

he chose to undermine the Federal Rule of Appellate Procedure

(FRAP) and the court of appeals by refusing to pay for the

filing fee and made transcript order despite the fact that

Petitioner had specifically made the funds available to him.

See, Attached material evidence C.

4.

Petitioner's ex-counsel was ineffective and denied him Due Process when he failed to investigate the initial complaint or police report that led to the issuance of warrant of arrest and indictment of Petitioner.

Ex-counsel failed to question or investigate the credibility of the affiant's report. Had that been done, he would have found out that said report was either fabricated, falsely asserted or reckless disregard for the truth-under no circumstance will any grand jury or even a fair jury return a verdict of guilt on such report that lack specificity. Please, find attached Exhibit 2 [Marked MAterial evidence B]. Thus, a defective complaint or affidavit may not be saved by police testimony that they have additional facts. See, Whitely v. Warden,(1971).

A criminal defendant is guaranteed, through the Due Process Clause, a trial free from fundamental unfairness including any unfairness which stems from blatantly incompetent counsel. See, Clark v. Balckburn, 619 F.2d 431 (5th Cir.1980). Petitioner's ex-counsel's failure to prepare for trial played a major role in coercing him to plea guiltty.

Hence, a conviction on a guilty plea that is entered solely as a result of faulty  llegal advise is a miscarriage of justice. See, United States v. Scott,625 F.2d 523 (5th Cir.1981)

5.

**Where** the court held that "the constituion constrains on ability to allocate as me see fit the cost of Ineffective Assistance of counsel, the Sixth Amendment mamdates that the state or the United States bears the risks of constitutionally deficient assistance of counsel. See, **Kimmelman v. Morrison**, 477 U.S. 365, 91 L.Ed 2d 305, 106 S.Ct 2574(1986).

It will not even do for a prisoner to wait any longer than is reasonably necessary to prepare appropriate moving papers, however inartistic, after discovery of the deception practiced upon him by his attorney *333 F.2d at 381 **United States v. Moore**, [supra **United States v. Wiggins**, 184 F.Supp. at 676]. Hence, conditious incarceration of Petitioner will amount to denial of "protected" rights due process, constituional rights as well as a denial of the write of Habeas Corpus.

Where any limitation upon the power of the Habeas Corpus is clearly uncostitutional.
It is clearly recognized by the constitution in **Article 1, Section 9.** The scope and flexibility of the writ,its capacity to reach all manner of illegal detention... Its ability to cut through barries of forms and procedural makes have always been emphasized and jealously guaranteed by courts and law makers. The very nature of the writ demands that it be administered with initiative and inflexibility essential to insure that miscarriage of justice within its reach are surface and corrected.

6.

Having filed a complaint against ex-counsel at The State
Bar of Texas and an investigation for just cause, for
professional misconduct or disability or both is on going,
petitioner is confident that he will succeed on the merits. The
court has held that: Texas Disciplinary Rule prohibiting lawyers
from engaging in conduct that is prejudicial to administration of
justice is not unconstitutionally overboard or vague. See,
Howell v. State Bar of Texas, 843 F.2d 205 (5th Cir.1988).

### Conclusion

Petitioner prays that this court construe his pleading as
Pro Se in line with Estelle v. Gambel, 429 U.S.[94] at 106[1976].

Based on these grounds and pursuant to Fed.R.Civ. P. 56(a),
Petitioner hereby move this court for a summary judgment in favor
of the Petitioner to vacate his sentence pursuant to 28 U.S.C.
2255. And also order his immediate release as an immediate cure
for the irreparable injury in the interest of justice and a
restore of public confidence in the court.

Respectfully submitted

Babajide Tolulope Babatunde
Reg.# 39323479
Reeves County Detention Center
P.O.Box 2038
Pecos,Texas 79772
Pro Se

### VERIFICATION

I have read the foregoing "Motion for Summary Judgment" and hereby verify that the matters alleged therein are true, except as to matteres alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct. Executed at Reeves County III Detention Center on this day 17th January, 2020.

_____
Babajide Tolulope Babatunde
Petitioner, Pro Se
BOP # 39323479

### CERTIFICATE OF SERVICE

I certify under the penalty of perjury that the foregoing "Motion for Summary Judgment" was placed into prison's internal mail system, Certified mail to "The Clerk, United States District Court, Southern District of Texas at 515 Rusk St., Houston, TX. 77002. The Petitioner asks this court's clerk to serve all other parties via electronic notification.

_____
Babajide Tolulope Babatunde
Petitioner, Pro Se
BOP # 39323479
Reeves III

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States of America

*versus*                                        Case Number: 4:18−cr−00176

Babajide Tolulope Babatunde

## NOTICE OF NON−COMPLIANCE

The appellant or counsel for the appellant has failed to:

- Pay the notice of appeal filing fee.
- Submit the DKT13 transcript order form.

Date: August 21, 2019.

David J. Bradley, Clerk

MATERIAL EVIDENCE "A"

*Exhibit 1*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| V. | § | Criminal No: 18-CR-176 |
| | § | |
| BABAJIDE TOLULOPE BABATUNDE | § | |
| | § | |
| | § | |

---

## NOTICE OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL FOR DEFENDANT BABAJIDE TOLULOPE BABATUNDE

---

Please take notice that the following attorneys are entering an appearance for Defendant, Babajide Tolulope Babatunde, and will serve as lead counsel and attorney in charge in the above numbered and entitled cause:

**Eric L. Rhodes**
**The Rhodes Law Firm, p.c.**
**Texas State Bar No. 24025611**
**Federal ID No. 34798**
**eric@rhodeslawwins.com**
**6588 Corporate Dr., Suite 200**
**Houston, Texas 77009**
**Telephone: (832) 404-2552**
**Telecopier: (832) 404-25554**

**Dennis F. Spurling**
**Texas State Bar No. 18974400**
**Federal ID No.0749**
**attyspurling75@gmail.com**
**601 Sawyer St., Ste. 200.**
**Houston, Texas 77007**
**Telephone: (713) 523-4050**
**Telecopier: (713) 229-8444**

— Never met him

Messr. Rhodes and Spurling are currently admitted to practice in the Southern District of Texas

Exhibit I (b)

Respectfully Submitted,

The Rhodes Law Firm, p.c.

/s/ Eric L. Rhodes – *Co – Lead Counsel*
By: Eric L. Rhodes
Federal Id. 34798
State Bar No. 24025611
6588 Corporate Dr., Suite 200
Houston, Texas 77036
Telephone:    (832) 404.2552
Facsimile:    (832) 404.2554
Electronic Mail: eric@rhodeslawwins.com

Dennis F. Spurling

/s/ Dennis F. Spurling – *Co – Lead Counsel*
By: Dennis F. Spurling
Texas State Bar No. 18974400
Federal ID No.
601 Sawyer St., Ste. 200.
Houston, Texas 77007
Telephone: (713) 523-4050
Telecopier: (713) 229-8444
attyspurling75@gmail.com
ATTORNEY FOR DEFENDANT
JOSEPH LASHAWN WILEY

2

## CERTIFICATE OF SERVICE

Plaintiff certifies that on April 20, 2018 a true and correct copy of the Defendant Babajide
Tolulope Babatunde foregoing instrument was transmitted by electronic transmission through
the court to the attorneys of record.

/s/ *Eric L. Rhodes*
Eric L. Rhodes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 18-176 |
| | § | |
| BABAJIDE TOLULOPE BABATUNDE | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Jay Hileman Assistant United States Attorney, and the defendant, Babajide Tolulope Babatunde ("Defendant"), and Defendant's counsel, Eric L. Rhodes, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Count One of the Indictment.   Count One charges Defendant with false use of a passport, in violation of Title 18, United States Code, Section 1543.   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Cooperation

2.     The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the United States Sentencing Guidelines Manual, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, it is determined that such a departure is appropriate.     In that regard:

(a)  Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice with the exception of the DOJ Organized Crime and Gang Section;

(b)  Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)  Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)  Defendant agrees to provide truthful, complete and accurate information and testimony;

(e)  Defendant agrees to provide to the United States all documents in his possession or under his/her control relating to all areas of inquiry and investigation.

**Punishment Range**

3.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1543, is imprisonment of not more than ten years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the

2

up to two years, without credit for time already served on the term of supervised release prior to

such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).   Defendant

understands that he is not eligible for parole.

### Mandatory Special Assessment

4.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after

sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment

in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District

Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his

immigration status if he is not a citizen of the United States.   Defendant understands that if he is

not a citizen of the United States, by pleading guilty he may be removed from the United States,

denied citizenship, and denied admission to the United States in the future.   Defendant's

attorney has advised Defendant of the potential immigration consequences resulting from

Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

6.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18,

United States Code, section 3742, afford a defendant the right to appeal the conviction and

sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords

the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction

and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal

3

or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

4

Exhibit 2

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count Eight of the indictment listed in this agreement and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

## Agreement Binding – Southern District of Texas Only

10. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

5

(d)    to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)    to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13.   Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may

be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

On or about November 3, 2015, the Defendant used a counterfeit passport from the Republic of Ireland, number #PB8039169, in the name Jobi Johnson, to open a bank account at Capital One Bank in Houston, Texas.   The passport contained a photograph of the Defendant but used a fictitious name.   Special Agent Katherine Langston of the United States Department of State, Diplomatic Security Service, examined the passport and determined that it was counterfeit.   The case agent was able to obtain and review the passport documents and photographs associated with the bank account and obtain pictures of the suspect using the counterfeit passport. These were compared to photographs of the defendant found in his A file and demonstrate that it is the defendant that committed this offense.

## Breach of Plea Agreement

7

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

16.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

8

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20.   Defendant agrees to pay full restitution to the victims for all relevant conduct regardless of the count of conviction.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

21.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

9

payment.   Defendant waives the right to challenge the fine in any manner, including by direct

appeal or in a collateral proceeding.

**Complete Agreement**

22.   This written plea agreement, consisting of _14_ pages, including the attached

addendum of Defendant and his attorney, constitutes the complete plea agreement between the

United States, Defendant, and Defendant's counsel.   No promises or representations have been

made by the United States except as set forth in writing in this plea agreement.   Defendant

acknowledges that no threats have been made against him and that he is pleading guilty freely and

voluntarily because he is guilty.

23.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____ _October 30_ _____, 2018.

_____
BABAJIDE TOLULOPE BABATUNDE

Subscribed and sworn to before me on _____ _October 30_ _____, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

10

APPROVED:

Ryan K. Patrick
United States Attorney

By:

Assistant United States Attorney
Southern District of Texas

Attorney for Defendant

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment.   I
have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual
and Policy Statements and I have fully and carefully explained to Defendant the provisions of
those Guidelines which may apply in this case.   I have also explained to Defendant that the
Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum
allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this
plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this
agreement is an informed and voluntary one.

Defendant's Attorney

10 - 30 - 2018
Date

11

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

10-30-2018
_____
Date

12

*Exhibit 3 pg3*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

UNITED STATES OF AMERICA      §

vs.                               §      CRIMINAL NO. H- 18-CR-176

BABAJIDE TOLULOPE BABATUNDE §


## DEFENDANT'S MOTION TO PREVENT THE PROSECUTION WITNESSES FROM INTRODUCING IMPERMISSIBLE CHARACTERIZATIONS OF HEARSAY EVIDENCE AND ITS SOURCE

## TO THE HONORABLE JUDGE:

Defendant requests the Court instruct the Assistant U.S. Attorney not to elicit hearsay probable cause information before the jury and shows the following

1.  Police officers in this case received information from an informant or other witness which focused their investigation upon the defendant.

2.  It is common practice for police officers to describe such information as "a tip from a confidential informant" or "a tip from a reliable informant" or other characterizations that imply the reliability of hearsay information, assumes facts not in evidence and invades the province of the jury to fairly determine the credibility of the information.

3.  To allow the jury to hear such hearsay information will allow it to hear inadmissible evidence to the prejudice of the Defendant.

4.  To allow the police officers to characterize the source of the hearsay information as "a reliable informant", "a confidential informant", "a reputable citizen", or even "a witness" assumes facts not in evidence before the jury and unfairly prejudices the defendant.

5.  For these reasons, the Defendant requests the Court instruct the Assistant United States Attorney to not ask open ended questions before the jury which will elicit probable cause hearsay, or characterize the source of such information that led to the arrest of the Defendant.

Respectfully Submitted,

The Rhodes Law Firm, p.c.

/s/ Eric L. Rhodes – *Co – Lead Counsel*
By: Eric L. Rhodes
Federal Id. 34798
State Bar No. 24025611
6588 Corporate Dr., Suite 200
Houston, Texas 77036
Telephone:  (832) 404.2552
Facsimile:   (832) 404.2554
Electronic Mail: eric@rhodeslawwins.com

Dennis F. Spurling

/s/ Dennis F. Spurling – *Co – Lead Counsel*
By: Dennis F. Spurling
Texas State Bar No. 18974400
Federal ID No.

601 Sawyer St., Ste. 200.
Houston, Texas 77007
Telephone: (713) 523-4050
Telecopier: (713) 229-8444
attyspurling75@gmail.com
ATTORNEYS FOR DEFENDANT
LAVIAN CHAPMAN

## CERTIFICATE OF SERVICE

Plaintiff certifies that on May 2, 2018, a true and correct copy of the Defendant's foregoing instrument was transmitted by electronic transmission through the court to the attorneys of record.

/s/ *Eric L. Rhodes*
Eric L. Rhodes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **vs.** | § | **CRIMINAL NO. H- 18-CR-176** |
| **BABAJIDE TOLULOPE BABATUNDE** | § | |

## DEFENDANT'S UNOPPOSED MOTION FOR CONTNUANCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant BABAJIDE TOLULOPE BABATUNDE requests Court to continue the sentencing date trial date in this cause, and in support of such motion shows:

1.  This cause is set for sentencing on March 7, 2019. This Defendant's second request for a continuance in this matter, and first request for a continuance on the sentencing date in this matter.

2.  The Presentence Investigation Report was completed and served on counsel for Defendant on January 23, 2019. The Government had no objections to the Presentence Investigation report.

3.  Defendant's objections to the Presentence Investigation Report is February 6, 2019.

4.  The final Presentence Investigation Report is due by March 1, 2019, and as referenced above, sentencing in this matter is set for March 7, 2019.

5.    On October 30, 2018, I plead guilty to Count One of the Indictment against me for the unlawful and false use of a passport, in violation of Title 18, United States Code, Section 1543.

6.    Factually, Defendant plead guilty to the facts that on or about November 3, 2015, Defendant used a counterfeit passport from the Republic of Ireland, number #PB8039169, in the name Jobi Johnson, to open a bank account at Capital One Bank in Houston, Texas.  The passport contained Defendant's photograph, but used a fictitious name. On March 14, 2016, the Capital One Account received a wire transfer for $56,700.00.

7.    In the Presentence Investigation Report, the government alleges fraudulent deposits in the amount of $1,435,272.71, which translated into a 14 point offensive level increase pursuant to U.S.S.G. §2B1.1(b)(1)(10)[1].

8.    Defendant first learned of the alleged $1,435,272.71 fraud on his receipt of the Presentence Investigation Report on January 23, 2019.

9.    Moreover, as set forth in the Presentence Investigation Report, **"The fraudulent deposits caused unspecified actual losses to various financial institutions which have not been determined."**[2]

10.   Given the obvious impact of the above referenced alleged 'fraudulent amount', Defendant request a continuance on Sentencing Date of March 7, 2019 in order to allow Defendant additional time to further investigate the government's allegations of harm referenced hereinabove.

11.   This request for continuance is not for delay only, but that justice may be done.,

---

[1] Presentence Investigation Report, Page 8, Paragraph 20.
[2] Id., at Page 6, Paragraph 14.

12.    For these reasons, defendant asks the court to continue the Sentencing Date
on this matter for at least 60 days.


Respectfully Submitted,


The Rhodes Law Firm, p.c.


*/s/ Eric L. Rhodes* – *Co* – *Lead Counsel*
By: Eric L. Rhodes
Federal Id. 34798
State Bar No. 24025611
6588 Corporate Dr., Suite 200
Houston, Texas 77036
Telephone:   (832) 404.2552
Facsimile:    (832) 404.2554
Electronic Mail: eric@rhodeslawwins.com



Dennis F. Spurling

*/s/ Dennis F. Spurling* – *Co* – *Lead Counsel*
By: Dennis F. Spurling
Texas State Bar No. 18974400
Federal ID No.
601 Sawyer St., Ste. 200.
Houston, Texas 77007
Telephone: (713) 523-4050
Telecopier: (713) 229-8444
attyspurling75@gmail.com
**ATTORNEYS FOR DEFENDANT**

# The Rhodes Law Firm, P.C.
### ——————ATTORNEYS AT LAW——————
6588 Corporate Drive Suite 200• Houston, Texas 77036 • Phone: 832.404.2552 • Fax: 832.404.2554
www.rhodeslawwins.com

ERIC L. RHODES
Shareholder
Mobile: 713-291-5521
Email: eric@rhodeslawwins.com

November 8, 2019

*Via : USPO*
Babatunde, Babajide 39323479
Reeves County Detention Center #3
P.O. Box 2038
Pecos, Texas 79772

**Re:**   Criminal No. H- 18-CR-176; United States Of America vs Babajide
Tolulope Babatunde in The United States District Court Southern District
Of Texas Houston Division

**Case information**

Dear Mr. Babatunde,

Pursuant to your request for a copy of your case, please find the following:  Case pleadings and case discovery. If there is anything else that you need please, do not hesitate to contact me.

Respectfully Submitted,

THE RHODES LAW FIRM, P.C.

*/s/ Eric L. Rhodes*
Eric L. Rhodes
ELR/cg

Exhibit 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES OF AMERICA §

vs. § CRIMINAL NO. H-17-CR-0254

 §

## MEMORANDUM IN SUPPORT OF MOTION FOR
## EARLY DISCLOSURE OF JENCKS ACT AND RULE 26.2 MATERIAL

1.      Disclosure of information impeaching a witness' credibility must be timed to enable effective preparation of trial. United States v. Polisi, 416 F.2d 573, 578 (2nd Cir. 1969); United States v. Baxter, 492 F.2d 150, 173-74 (9th Cir. 1973), cert. denied, 417 U.S. 940 (1974). See United States v. Opager, 589 F.2d 799 (5th Cir. 1979). As pointed out in United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976) (Lumbard, J., sitting by designation):

a)      Disclosure by the government must be made at such time as to allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion required pretrial disclosure. See, e.g., United States v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970); United States v. Deutsch, 373 F.Supp. 289, 290-91 (S.D. New York 1974). See also, Grant v. Alldredge, 498 F.2d 376, 382 (2d Cir. 1974); Clay v. Black, 479 F.2d 319 (6th Cir. 1973) (per curiam).

Exhibit 4 (b)

2.    In the Fifth Circuit, the prosecution must, of course, produce requested evidence which is materially favorable to the accused either as direct or impeaching evidence.  The appropriate time is as early as possible to enable defense counsel effectively to use it in preparing the case for trial. Compare <u>United States v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979), with <u>United States v. Opage</u>, 589 F.2d 799 (5th Cir. 1979).  Indeed even when the favorable information takes the form of a witness statement otherwise protected from pretrial discovery by the Jencks Act (18 U.S.C., Section 3500), the prosecution must nonetheless disclose it as far in advance of trial as due process may practically require for the defense to make fair use of it.  <u>United States v. Campagnuolo, supra</u>.

3.    In Moore's <u>Federal Practice</u>, it is stated that "[a]lthough the literal terms of the statute do not require the government to turn over '3500 material' until the witness has testified, where there is a large volume of such material the Court should require a turnover in advance of the testimony to avoid delaying the trial while counsel peruses the material." Section 16.10(l) at p.177.

4.    In the event this Motion is denied, the Defendant further requests that the Government comply with the dictates of the law by tendering all such material to defense counsel <u>outside</u> the presence of the jury.

5.    As stated in <u>Gregory v. United States</u>, 369 F.2d 191 (D.C. Cir. 1966): [i]t is familiar law that prior consistent statements are not admissible in evidence, and

Exhibit 4(c)

consequently it is improper to require a procedure, in exercising Jencks Act rights, which may permit the inference that the prior statements received are consistent with the witness' testimony on trial. We perceive no reason, other than to prejudice the defendant in the exercise of his Jencks Acts rights, to require defense counsel to request and receive Jencks Act statements in the presence of the jury.

Respectfully Submitted,

The Rhodes Law Firm, p.c.

*/s/ Eric L. Rhodes* – *Co* – *Lead Counsel*
By: Eric L. Rhodes
Federal Id. 34798
State Bar No. 24025611
6588 Corporate Dr., Suite 188
Houston, Texas 77009
Telephone: (832) 404.2552
Facsimile: (832) 404.2554
Electronic Mail: eric@rhodeslawwins.com

Dennis F. Spurling

*/s/ Dennis F. Spurling* – *Co* – *Lead Counsel*
By: Dennis F. Spurling
Texas State Bar No. 18974400
Federal ID No.
601 Sawyer St., Ste. 200.
Houston, Texas 77007
Telephone: (713) 523-4050
Telecopier: (713) 229-8444
attyspurling75@gmail.com
ATTORNEYS FOR DEFENDANT
JAVIAN CHAPMAN

Exhibit 4(d)

## CERTIFICATE OF SERVICE

Plaintiff certifies that on February 16, 2018 a true and correct copy of the Defendant Javian Chapman's foregoing instrument was transmitted by electronic transmission through the court to the attorneys of record.

/s/ *Eric L. Rhodes*
Eric L. Rhodes

Exhibit 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **V.** | § | **Criminal No: 17 CR 0254** |
| | § | |
| ~~JOSEPH BERZAT~~ | § | |
| ~~JAVIAN CHAPMAN~~ | § | |
| | § | |

## ORDER

On this day came on to be heard Defendant's Motion for Hearing to Determine Intelligibility of Tapes and Accuracy of Transcripts, and the Court having considered the same, it is hereby, in all things GRANTED/DENIED.

SIGNED this_____20 .

_____
U.S. DISTRICT JUDGE

7-27-17

M. Boyer —

returning personal items of Babajide Babatunde

wallet
ID cards
glasses
keys (3)
7 cards

I am keeping 2 cell phones. $3500
and "Rolex" watch



**778838-17**  Suppl No  ORIG

# HOUSTON POLICE DEPARTMENT

Houston Police Department
1200 Travis Street
Houston, Texas 77002
713-884-3131  Emergency Dial 9-1-1

Reported Date
06/20/2017
Offense Report Title
Investigation – Forgery/Fraud/Counterfeit
Officer Name
BURGESS, B E

## Administrative Information

| Agency | | Incident # | Suppl No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|
| HOUSTON POLICE DEPARTMENT | | 778838-17 | ORIG | 06/20/2017 | | 08:52 |

| Status | Offense Report Title |
|---|---|
| Report Written or to Follow | Investigation – Forgery/Fraud/Counterfeit |

| CAD Call Type |
|---|
| RMSR |

| Address | City |
|---|---|
| 4955 N SH 6 HWY | HARRIS CO |

| ZIP Code | Dist/Beat | Station | District | From Date | From Time | Primary Unit |
|---|---|---|---|---|---|---|
| 77084 | HCSO | OJ | 00 | 06/03/2017 | 12:00 | 3935 |

| Officer Name / Employee# | Division |
|---|---|
| BURGESS, B E / 106124 | BNT – Financial Crimes |

| Report Entered By / Employee# | Division |
|---|---|
| BURGESS, B E / 106124 | BNT – Financial Crimes |

| RMS Transfer | Property Trans Stat | Weather | Estimated Loss Value | Language Translator |
|---|---|---|---|---|
| Successful | Successful | Clear | None or Not Applicable | No Translator Used |

| Gang Crime | Hate Crime | Family violence | Foster Care Facility | Mental Illness | Metal Theft | Offense County |
|---|---|---|---|---|---|---|
| No | No | No | No | No | No | Harris County |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 106124 | 06/20/2017 | 09:34:34 |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| 1 | 27100 | Investigation – Forg | Citizen Request |

## Person Summary

| Invl | Invl No | Type | Name (Last, First MI) | MNI |
|---|---|---|---|---|
| REP | 1 | I | BOYDEN, MATTHEW | 1567855 |

| Race | Sex | DOB |
|---|---|---|
| W | M | 01/01/1972 |

Exhibit 2

**778838-17**   Suppl No
ORIG

# HOUSTON POLICE DEPARTMENT

| Reportee 1: BOYDEN,MATTHEW | | | |
|---|---|---|---|
| Involvement<br>**Reportee** | Invl No<br>**1** | Type<br>**Individual** | Name (Last,First MI)<br>**BOYDEN,MATTHEW** |

| MNI<br>**1567855** | Race<br>**White or White Hispanic** | Sex<br>**Male** | DOB<br>**01/01/1972** | Age<br>**45** | Juvenile?<br>**No** | PRN<br>**2408398** |
|---|---|---|---|---|---|---|

Reported Date
**06/20/2017**

Type
**Work / Business**

| Address<br>**1200 TRAVIS** | | | | Dist/Beat<br>**1A10** |
|---|---|---|---|---|
| Map Coordinates<br>**-95.366974/29.755999** | City<br>**Houston** | State<br>**Texas** | ZIP Code<br>**77002** | Date<br>**06/20/2017** |

| Phone Type<br>**Work / Business** | Phone No<br>**(713)223-4512** | Date<br>**06/20/2017** |
|---|---|---|

## Modus Operandi

| Gang Act? | Premise Type |
|---|---|
| **No** | **Road, Street, or Sidewalk** |

NIBRS
**BVNO**

BWC Video(s)
**Body Video No(No Camera Issued)**

## Brief Summary

THE SUSPECT USED A FABRICATED PASS PORT TO OPEN A BANK ACCOUNT

## Narrative

INCIDENT#  778838-17


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                        INTRODUCTION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


    OFFICER B.E.BURGESS, ASSIGNED TO THE HOUSTON POLICE DEPARTMENT FINANCIAL CRIMES UNIT, ON A TUESDAY, JUNE 20, 2017, WAS MADE AWARE OF THIS INCIDENT THAT INVOLVED A TAMPERING WITH A GOVERNMENT DOCUMENT.  THE INCIDENT OCCURRED AT THE FIRST CONVENIENCE BANK LOCATED AT 4955 HWY 6 N. IN HOUSTON, TEXAS ON AUGUST 3, 2015.

    OFFICER BURGESS BEGAN THIS INVESTIGATION.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                  COMPLAINANT INTERVIEW
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


    ON JUNE 20, 2017, OFFICER BURGESS WAS CONTACTED BY UNITED STATES POSTAL INSPECTOR MATTHEW BOYDEN TO DISCUSS THIS INVESTIGATION AND THE DISCOVERY OF A FABRICATED GHANAIAN PASSPORT USED BY THE SUSPECT TO OPEN A FIRST CONVENIENCE BANK ACCOUNT.

    INSPECTOR BOYDEN AND THE UNITED STATES POSTAL INSPECTION SERVICE (USPIS) HAVE BEEN WORKING WITH THE HOUSTON POLICE DEPARTMENT FINANCIAL CRIMES UNIT TO COMBAT A GROWING FRAUD TREND IN HOUSTON, TEXAS.  FOR THE PAST YEAR, THEY HAVE BEEN INVESTIGATING NUMEROUS BUSINESS E-MAIL COMPROMISE (BEC) COMPLAINTS.  A BEC FRAUD IS DESCRIBED AS A SOPHISTICATED SCAM TARGETING BUSINESSES THAT REGULARLY PERFORM WIRE

| Report Officer | Printed on |
|---|---|
| **106124/BURGESS, B.E.** | |

Exhibit 3

**778838-17**   Suppl No
ORIG

# HOUSTON POLICE DEPARTMENT

**Narrative**

TRANSFER PAYMENTS. THE SCAM IS CARRIED OUT BY COMPROMISING LEGITIMATE BUSINESS E-MAIL ACCOUNTS THROUGH SOCIAL ENGINEERING OR COMPUTER INTRUSION TECHNIQUES TO CONDUCT UNAUTHORIZED TRANSFERS OF FUNDS. MOST VICTIMS REPORT USING WIRE TRANSFERS AS A COMMON METHOD OF TRANSFERRING FUNDS FOR BUSINESS PURPOSES; HOWEVER, SOME VICTIMS REPORT USING CHECKS AS A COMMON METHOD OF PAYMENT. THE FRAUDSTERS WILL USE THE METHOD MOST COMMONLY ASSOCIATED WITH THEIR VICTIM'S NORMAL BUSINESS PRACTICES.

WHEN THE INVESTIGATIONS FIRST STARTED, IT APPEARED MANY SUSPECTS WERE OPENING BANK ACCOUNTS USING THEIR TRUE NAMES AND INFORMATION. THE ACCOUNTS WOULD RECEIVE BEC WIRES AND OTHER DEPOSITS FROM FRAUD VICTIMS. IN SHORT ORDER THE INVESTIGATION IDENTIFIED HUNDREDS OF ADDITIONAL BANK ACCOUNTS OPENED WITH COUNTERFEIT PASSPORTS IN AND AROUND HOUSTON THAT WERE FUNDED WITH FRAUDULENT BEC WIRE TRANSFERS. ALL OF THESE WIRES INVOLVE THE USE OF INTERSTATE WIRE COMMUNICATIONS FACILITIES. MANY OF THE FRAUDULENT ACCOUNTS ALSO RECEIVED FUNDS THAT WERE STOLEN FROM VICTIMS OF OTHER ON-LINE AND INTERNET FRAUDS, LIKE "ROMANCE" AND "LOTTERY" FRAUD. ALL PASSPORTS AND US VISAS MENTIONED IN THESE REPORTS AS COUNTERFEIT AND FRAUDULENT HAVE BEEN DETERMINED TO BE SUCH BY SPECIAL AGENTS WITH THE DEPARTMENT OF STATE, DIPLOMATIC SECURITY SERVICE.

THE FOLLOWING IS A PARAPHRASED STATEMENT GIVEN TO OFFICER BURGESS BY INSPECTOR BOYDEN:

INSPECTOR BOYDEN STATED THAT HE WAS CONTACTED BY RENEE TILLMAN, MANAGER OF THE FIRST CONVENIENCE BANK LOCATED AT 4955 HIGHWAY 6 N, IN HARRIS COUNTY, TEXAS.

INSPECTOR BOYDEN STATED THAT HE DISCOVERED THE FOLLOWING FROM MRS. TILLMAN: ON AUGUST 3, 2015, THE SUSPECT ENTERED A FIRST CONVENIENCE BANK LOCATED AT 4955 HIGHWAY 6 NORTH AND USED A GHANAIAN PASSPORT #R0465560 IN THE NAME "JUSTIN ABE" TO OPEN A NEW BANK ACCOUNT. PRIOR TO OPENING THE BANK ACCOUNT THE SUSPECT USED THE SAME PASSPORT TO OBTAIN A HARRIS COUNTY ASSUMED NAME CERTIFICATE FOR ABEJ MEDICAL SUPPLIES. THE BANK ACCOUNT WAS OPENED ON AUGUST 3, 2015, AT THE FIRST CONVENIENCE BANK LOCATED INSIDE AN HEB STORE LOCATED AT 4955 HIGHWAY 6 N, HOUSTON, HARRIS COUNTY, TEXAS 77084. THE BUSINESS ACCOUNT WAS OPENED IN THE NAME ABEJ MEDICAL SUPPLIES AND LISTED AN ADDRESS OF 12035 HUFFMEISTER RD. #937, CYPRESS, TX 77429.

INSPECTOR BOYDEN STATED THAT HE WAS PROVIDED WITH A STILL PHOTOGRAPH FROM A SURVEILLANCE CAMERA AT THE FIRST CONVENIENCE BANK THAT WAS TAKEN OF THE SUSPECT WHILE OPENING THE NEW ACCOUNT. INSPECTOR BOYDEN STATED THAT HE REVIEWED THE PHOTOGRAPH AND RECOGNIZED THE SUSPECT. INSPECTOR BOYDEN STATED THAT HE KNOWS THE SUSPECT BY NAME AND SIGHT AS BABAJIDE BABATUNDE AND THAT HE HAS PREVIOUSLY INVESTIGATED CASES INVOLVING THE SUSPECT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                    SCENE DESCRIPTION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE OFFENSE OCCURRED AT A FIRST CONVENIENCE BANK LOCATED AT 4955 HWY 6 N, IN HOUSTON, HARRIS COUNTY, TEXAS.

| Report Officer | Printed At | |

**778838-17**

# HOUSTON POLICE DEPARTMENT
## Narrative

CASE DISPOSITION:
*******************

THIS CASE WILL BE CLEARED ARREST AND CHARGES FILED.


CACF...............CACF...............CACF


CASE DISPOSITION:  (MARK ONLY ONE CATEGORY)
ALL CATEGORIES INCLUDE ADULTS AND JUVENILES ARRESTED OR REFERRED

[XXXX]  ARRESTED AND CHARGED IN THIS CASE*
[  ]  ARRESTED AND CHARGED IN OTHER CASES* (SUSPECT WILL NOT TO BE CHARGED IN THIS CASE)

*THE SUSPECT'S FULL NAME AND ADDRESS MUST BE LISTED UNDER THE PERSON'S TAB IN THE
SUPPLEMENT REPORT THAT IS USED TO CLEAR THE CASE.

[  ]  LACK OF PROSECUTION BY D.A. FOR NON-EVIDENTIARY REASON**
[  ]  LACK OF PROSECUTION BY COMPLAINANT**

**THE IDENTITY OF THE OFFENDER IS ESTABLISHED; THERE IS ENOUGH INFORMATION TO SUPPORT
AN ARREST, CHARGE, AND PROSECUTION. ALSO THE EXACT LOCATION OF THE OFFENDER IS
KNOWN; THERE IS SOME REASON BEYOND LAW ENFORCEMENT CONTROL THAT PROHIBITS THE
ARREST AND/OR THE CHARGING OF THE OFFENDER. THE SUSPECT'S FULL NAME AND ADDRESS
MUST BE LISTED UNDER THE PERSON'S TAB IN THE SUPPLEMENT REPORT THAT IS USED TO CLEAR
THE CASE.

[  ]  DEATH OF DEFENDANT
[  ]  UNFOUNDED (INCIDENT DID NOT OCCUR)

[  ]  INACTIVE - NO FURTHER LEADS
[  ]  INACTIVE - ARREST WARRANT FILED
[  ]  INACTIVE - PENDING GRAND JURY REFERRAL
[  ]  INACTIVE - PENDING LAB ANALYSIS

[  ]  CLOSED BY INVESTIGATION  (ONLY FOR CASES TITLED INVESTIGATION)
[  ]  CLOSED BY SEIZURE OF MONEY
[  ]  CLOSED BY SEIZURE OF VEHICLE
[  ]  CLOSED BY REFERRING TO OUTSIDE AGENCY _____


[  ]  CASE OPEN AND ACTIVE
[  ]  CASE TRANSFERRED TO ANOTHER DIVISION _____

Report Officer                                    Printed At

Exhibit 4

**778838-17**

# ON POLICE DEPARTMENT

Police Department
vis Street
. Texas 77002
:3131 Emergency Dial 9-1-1

Reported Date
**06/21/2017**
Offense Report Title
**Investigation - Forgery/Fraud/Counterfeit**
Officer Name
**BURGESS, B E**

## ative Information

| DLICE DEPARTMENT | Incident #<br>778838-17 | Suppl No<br>0001 | Reported Date<br>06/21/2017 | Reported Time<br>14:27 |
|---|---|---|---|---|
| tten or to Follow | Offense Report Title<br>Investigation - Forgery/Fraud/Counterfeit | | | |

| 6 HWY | | | | | City<br>HARRIS CO |
|---|---|---|---|---|---|
| | Dist/Beat<br>HCSO | Station<br>OJ | District<br>00 | From Date<br>08/03/2015 | From Time<br>12:00 |

| ee#<br>E / 106124 | Division<br>BNT - Financial Crimes |
|---|---|
| nployee#<br>E / 106124 | Division<br>BNT - Financial Crimes |

| Property Trans Stat<br>l Successful | Approving Officer<br>106124 | Approval Date<br>06/21/2017 | Approval Time<br>14:27:24 |
|---|---|---|---|
| 0 | Description<br>Investigation - Forg | Complaint Type<br>Citizen Request | |

## berandi

IO

> No(No Camera Issued)

## mary

RESTED AND CHARGED

778838-17

## ON TO FOLLOW-UP INVESTIGATION:
*********************************

20, 2017, OFFICER B.E.BURGESS, ASSIGNED TO THE FINANCIAL CRIMES UNIT, WAS
HIS CASE FOR THE PURPOSE OF A FOLLOW-UP INVESTIGATION.  THIS CASE WAS
CONJUNCTION WITH THE UNITED STATES POSTAL INSPECTOR'S OFFICE.

ENT REPORT WAS TITLED TAMPERING WITH A GOVERNMENT DOCUMENT.

ENT OCCURRED ON AUGUST 3, 2016,  AT A FIRST CONVENIENCE BANK BRANCH LOCATED
HWAY 6 NORTH, IN HOUSTON, HARRIS COUNTY, TEXAS.

Exhibit 5

**778838-17**   Suppl No 0001

# HOUSTON POLICE DEPARTMENT

**Narrative**

THE ORIGINAL REPORT, ENTERED BY OFFICER B.E BURGESS, ASSIGNED TO THE FINANCIAL CRIMES UNIT, DETAILED THE INITIAL INVESTIGATION CONDUCTED BY UNITED STATES POSTAL INSPECTOR M. BOYDEN THAT FOUND THE SUSPECT USED A COUNTERFEIT PASSPORT TO OBTAIN A BANK ACCOUNT,

THIS FOLLOW-UP INVESTIGATION IDENTIFIED SEVERAL RELATED CASES TO INCLUDE (IN CHRONOLOGICAL ORDER):

HPD CASE# 465490-16  AND  HPD CASE# 779322-17:

THE SUSPECT IN THE ABOVE INCIDENTS

     BABAJIDE BABATUNDE   B/M   01-06-84

WAS CHARGED WITH THE FOLLOWING FELONY:

     CHARGE:  FRAUD USE/POSS ID INFO
     CAUSE #1506175
     COURT:  DC 351

     CHARGE:  TAMPERING WITH A GOVERNMENT DOCUMENT
     CAUSE #1555912
     COURT:  DC 351

PRELIMINARY FOLLOW-UP INVESTIGATION:
***********************************************

OFFICER BURGESS REVIEWED AND FAMILIARIZED HIMSELF WITH THE ORIGINAL OFFENSE REPORT AND RELATED CASES.  OFFICER BURGESS DISCOVERED THE SUSPECT WAS INVOLVED IN MULTIPLE INCIDENTS INVOLVING TAMPERING WITH A GOVERNMENT DOCUMENT.

OFFICER BURGESS MET WITH INSPECTOR M. BOYDEN TO DISCUSS POSSIBLE CHARGES IN THIS CASE AND THE PRESENTATION OF EVIDENCE TO THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE.

OFFICER BURGESS CONDUCTED RESEARCH REGARDING THE PERSONAL AND CRIMINAL HISTORY, AND WANTS OR WARRANTS ON THE INDIVIDUALS INVOLVED IN THIS CASE.

*********CRIMINAL HISTORY AND INFORMATION ON SUSPECT*********

NAME: BABATUNDE, BABAJIDE TOLULOPE        SID#: TX 16167759
DOB:  01-06-84                        FBI#: 611320NG8
R/S: BLACK/MALE                        SS#: NONE
HT/WT: 5-09/190                        HPD#: 1292125
SO# 2025463
TXDL/TXID#:  34607101

| Report Officer | Printed At |

Exhibit 6

**778838-17**    Suppl No 0001

# HOUSTON POLICE DEPARTMENT

**Narrative**

TATTOOS, MARKS, SCARS:   NONE
SUSPECT DRIVES:  UNK
ADD: 14906 WESTPARK DR #634
CI/CO/ST/ZIP: HOUSTON,HARRIS,TEXAS,77082
ALTERNATE ADDRESS:  NONE
WORK ADDRESS:  NONE
HOME PHONE:  NONE          WORK PHONE:  NONE
PHOTO ENCLOSED Y/N: NO    PREVIOUS CRIMINAL HISTORY:  YES

AT THE TIME OF THIS INQUIRY, THE SUSPECT WAS FOUND TO HAVE NO WANTS OR WARRANTS.

THE SUSPECT HAD THE FOLLOWING CRIMINAL HISTORY:

TOTAL ARRESTS      1

------------------------------------------------------------

MOST RECENT OCCURRENCE      OFFENSE SUMMARY
04-12-2016              1 FRAUD USE/POSS IDENTIFYING INFO # ITEMS 5<10
LAST ARRESTING AGENCY     TXHPD0000 - HOUSTON POLICE DEPARTMENT

FOLLOW-UP INVESTIGATIONS:
************************************

ON JUNE 20, 2017, OFFICER BURGESS MET WITH POSTAL INSPECTOR BOYDEN AND DISCOVERED THE FOLLOWING DETAILS OF THIS INVESTIGATION:

INSPECTOR BOYDEN STATED THAT HE DISCOVERED ON MARCH 13, 2016, THE SUSPECT BABATUNDE USED A FABRICATED GUINEAN PASSPORT TO OPEN A NEW ACCOUNT AT A FIRST CONVENIENCE BANK LOCATED AT 4955 HIGHWAY 6 NORTH, IN HOUSTON, HARRIS COUNTY, TEXAS.

INSPECTOR BOYDEN STATED THAT HE HAS SPENT THE LAST YEAR INVESTIGATING AND ASSISTING IN THE PROSECUTION OF NUMEROUS SUSPECTS COMMITTING ILLEGAL WIRE TRANSFERS THROUGH BANK ACCOUNTS OPENED USING COUNTERFEIT PASSPORTS. INSPECTOR BOYDEN STATED THAT HE WAS CONTACTED BY KIMBERLY LOWER, A FIRST CONVENIENCE FRAUD INVESTIGATOR, REGARDING AN ACCOUNT THAT WAS OPENED ON MARCH 13, 2016, AT A BRANCH LOCATED AT 4955 HIGHWAY 6 NORTH, USING A QUESTIONABLE GUINEAN PASSPORT (NUMBER R0465560).

OFFICER BURGESS AND INSPECTOR BOYDEN WERE ABLE TO OBTAIN THE FIRST CONVENIENCE BANK ACCOUNT RECORDS THAT INCLUDED THE NEW ACCOUNT APPLICATION, A COPY OF THE GUINEAN PASSPORT (NUMBER R0465560), AND A SURVEILLANCE PHOTOGRAPH OF THE INDIVIDUAL OPENING THE NEW ACCOUNT.

INSPECTOR BOYDEN RECOGNIZED THE INDIVIDUAL DEPICTED IN THE SURVEILLANCE PHOTOGRAPH AS THE SUSPECT BABAJIDE BABATUNDE. OFFICER BURGESS WAS ABLE TO OBTAIN A RECENT BOOKING PHOTOGRAPH OF THE SUSPECT BABAJIDE BABATUNDE AND DISCOVERED THAT THE BOOKING PHOTOGRAPH AND THE SURVEILLANCE PHOTOGRAPH WERE THE SAME INDIVIDUAL.

OFFICER BURGESS WAS ALLOWED TO REVIEW THE GUINEAN PASSPORT (NUMBER R0465560) PRESENTED BY THE SUSPECT TO OPEN THE FIRST CONVENIENCE BANK ACCOUNT. OFFICER BURGESS WAS ABLE TO CONTACT KATE LANDSTON, AN INVESTIGATOR WITH THE UNITED STATES STATE DEPARTMENT IN HOUSTON, TEXAS. MRS. LANDSTON WAS ABLE TO VERIFY THE

| Report Officer | Printed At |
| --- | --- |
| 106124/BURGESS, B E | 07/28/2017 11:22 |

Exhibit 7

778838-17    Suppl No
0001

# HOUSTON POLICE DEPARTMENT

**Narrative**

AUTHENTICITY OF THE PASSPORT. MRS. LANDSTON INFORMED OFFICER BURGESS THAT THE PASSPORT WAS IN FACT A FORGERY AND THE PASSPORT NUMBER WAS FABRICATED.

EVIDENCE DISPOSITION:
*************************

ALL ORIGINAL EXHIBITS, TAPES, PHOTOS AND EVIDENTIARY ITEMS ARE BEING RETAINED BY INSPECTOR BOYDEN AND ARE AVAILABLE FOR REVIEW OR DUPLICATION IF NECESSARY.

PRESENTATION OF CASE TO DISTRICT ATTORNEY'S OFFICE:
****************************************************

DAY:   TUESDAY      DATE:   JUNE 20, 2017

OFFICER   BURGESS      PRESENTED THIS CASE TO ASST D.A. WAKEFIELD WHO REVIEWED THIS CASE AND ACCEPTED THE FOLLOWING CHARGES:

SUSPECT:   BABAJIDE BABATUNDE   B/M  01-0684
CHARGE:   TAMPERING WITH A GOVERNMENT DOCUMENT

ARREST WARRANT FILED (JUNE 20, 2017)
*******************************************

ON JUNE 20, 2017, OFFICER BURGESS PROCEEDED TO THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE AND FILED THE FOLLOWING ARREST WARRANT:

SUSPECT:      BABAJIDE BABATUNDE   B/M  01-0684
CHARGE:   TAMPERING WITH A GOVERNMENT DOCUMENT
CAUSE ## 1555911
COURT SET IN: DIST 351
BOND AMOUNT:   NO BOND

THE ABOVE WARRANT WAS "WALKED" THROUGH THE HARRIS COUNTY COURT SYSTEM AND ULTIMATELY SIGNED BY THE HONORABLE JUDGE BLANCA VILLAGOMEZ.

WARRANT SERVICE:
********************

ON JUNE 21, 2017, OFFICER BURGESS AND SERGEANT J. KUCHTA, WITH THE HOUSTON POLICE DEPARTMENT FINANCIAL CRIMES UNIT SERVED THE ABOVE OPEN WARRANT. OFFICERS DISCOVERED THAT THE SUSPECT BABATUNDE WAS SCHEDULED TO APPEAR IN HARRIS COUNTY DISTRICT COURT 351 ON A PREVIOUSLY FILED CASE.

| Report Officer | Printed At | |
|---|---|---|

Exhibit 8

778838-17   Suppl No 0001

# HOUSTON POLICE DEPARTMENT

**Narrative**

THE SUSPECT WAS ARRESTED WITHOUT INCIDENT AND TAKEN FROM THE COURT TO THE 700 BLOCK OF CAROLINE, WHERE OFFICERS MET WITH TRANSPORT UNIT# 1Y27 (OFFICER K.E. ROSBOROUGH).   THE SUSPECT WAS TRANSPORTED TO THE CENTRAL JAIL FACILITY TO BE PROCESSED.

HOLD RELEASE:
*******************

ON JUNE 21, 2017, AT APPROXIMATELY 16:00 HOURS, AFTER THE AFIS INFORMATION ON THE SUSPECT BABATUNDE WAS RETURNED, OFFICER BURGESS RELEASED THE HOLD ON THE SUSPECT.

CASE CONCLUSION:
*******************

THIS CASE INVOLVES A TAMPERING WITH A GOVERNMENT DOCUMENT  THAT OCCURRED ON OR ABOUT AUGUST 3, 2016, AT 4955 HIGHWAY 6 NORTH, A LOCATION IN THE CITY LIMITS OF HOUSTON, HARRIS COUNTY, TEXAS.

THE SUSPECT USED A COUNTERFEIT PASSPORT TO OBTAIN A BANK ACCOUNT.

INVESTIGATING OFFICER WAS ABLE TO GATHER EVIDENCE AND PRESENTED EVIDENCE TO THE HARRIS COUNTY COURT HOUSE.

SUBSEQUENT FOLLOW UP INVESTIGATION CONDUCTED BY OFFICER BURGESS RESLTED IN THE CHARGING OF THE SUSPECT FOR TAMPERING WITH A GOVERNMENT DOCUMENT.

CHARGE INFORMATION:
***************************

CHARGE:   TAMPERING WITH A GOVERNMENT DOCUMENT
CAUSE ## 1555911
COURT SET IN: DIST 351
BOND AMOUNT:  NO BOND

SUSPECT STATUS:
*******************

ARRESTED AND CHARGED

Report Officer                    Printed At

Exhibit 9

779322-17   Suppl No
ORIG

# HOUSTON POLICE DEPARTMENT



Houston Police Department
1200 Travis Street
Houston, Texas 77002
713-884-3131  Emergency Dial 9-1-1

Reported Date
06/20/2017
Offense Report Title
**Investigation - Forgery/Fraud/Counterfeit**
Officer Name
**BURGESS, B E**

## Administrative Information

| Agency | | Incident # | Suppl No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|
| HOUSTON POLICE DEPARTMENT | | 779322-17 | ORIG | 06/20/2017 | | 10:44 |
| Status | | Offense Report Title | | | | |
| Report Written or to Follow | | Investigation - Forgery/Fraud/Counterfeit | | | | |

| CAD Call Type |
|---|
| RMSR |

| Address | | | | | | | City |
|---|---|---|---|---|---|---|---|
| 5202 KIRBY DR | | | | | | | Houston |

| ZIP Code | Dist/Beat | Station | District | From Date | From Time | Primary Unit | |
|---|---|---|---|---|---|---|---|
| 77098 | 1A50 | CENT | 01 | 03/13/2015 | 12:00 | 3935 | |

| Officer Name / Employee# | Division |
|---|---|
| BURGESS, B.E / 106124 | BNT - Financial Crimes |

| Report Entered By / Employee# | Division |
|---|---|
| BURGESS, B E / 106124 | BNT - Financial Crimes |

| RMS Transfer | Property Trans Stat | Weather | Estimated Loss Value | Language Translator |
|---|---|---|---|---|
| Successful | Successful | Clear | None or Not Applicable | No Translator Used |

| Gang Crime | Hate Crime | Family violence | Foster Care Facility | Mental Illness | Metal Theft | Offense County |
|---|---|---|---|---|---|---|
| No | No | No | No | No | No | Harris County |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 106124 | 06/20/2017 | 11:29:05 |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| 1 | 27100 | Investigation - Forg | Citizen Request |

## Person Summary

| Invl | Invl No | Type | Name (Last,First MI) | | MNI |
|---|---|---|---|---|---|
| REP | 1 | I | BOYDEN,MATTHEW | | 1567855 |

| Race | Sex | DOB | | |
|---|---|---|---|---|
| W | M | 01/01/1972 | | |

| Report Officer | | Printed At |
|---|---|---|

Exhibit 10

**779322-17**

Suppl No
ORIG

# HOUSTON POLICE DEPARTMENT

| Reportee 1: BOYDEN,MATTHEW | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Involvement **Reportee** | Invl No **1** | Type **Individual** | Name (Last,First MI) **BOYDEN,MATTHEW** | | | | | |
| MNI **1567855** | Race **White or White Hispanic** | | | Sex **Male** | DOB **01/01/1972** | Age **45** | Juvenile? **No** | PRN **2407582** |
| Reported Date **06/20/2017** | | | | | | | | |

| Type **Work / Business** | | | | | |
|---|---|---|---|---|---|
| Address **1200 TRAVIS** | | | | | Dist/Beat **1A10** |
| Map Coordinates **-95.366974/29.755999** | | City **Houston** | State **Texas** | ZIP Code **77002** | Date **06/20/2017** |

| Modus Operandi | | |
|---|---|---|
| Gang Act? **No** | Premise Type **Road, Street, or Sidewalk** | |
| NIBRS **BVNO** | | |
| BWC Video(s) **Body Video No(No Camera Issued)** | | |

| Brief Summary |
|---|
| THE SUSPECT USED A FABRICATED PASS PORT TO OPEN A NEW BANK ACCOUNT |

| Narrative |
|---|

INCIDENT#   779322-17

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                    INTRODUCTION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


   OFFICER B.E.BURGESS, ASSIGNED TO THE HOUSTON POLICE DEPARTMENT FINANCIAL CRIMES UNIT, ON A TUESDAY, JUNE 20, 2017, WAS MADE AWARE OF THIS INCIDENT THAT INVOLVED A TAMPERING WITH A GOVERNMENT DOCUMENT. THE INCIDENT OCCURRED AT THE WELLS FARGO BANK LOCATED AT 4955 HWY 6 N, IN HOUSTON, TEXAS, ON MARCH 13, 2015.

   OFFICER BURGESS BEGAN THIS INVESTIGATION.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                  COMPLAINANT INTERVIEW
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


   ON JUNE 20, 2017, OFFICER BURGESS WAS CONTACTED BY UNITED STATES POSTAL INSPECTOR MATTHEW BOYDEN TO DISCUSS THIS INVESTIGATION AND THE DISCOVERY OF A FABRICATED GHANAIAN PASSPORT USED BY THE SUSPECT TO OPEN A WELLS FARGO BANK ACCOUNT.

   INSPECTOR BOYDEN AND THE UNITED STATES POSTAL INSPECTION SERVICE (USPIS) HAVE BEEN WORKING WITH THE HOUSTON POLICE DEPARTMENT FINANCIAL CRIMES UNIT TO COMBAT A GROWING FRAUD TREND IN HOUSTON, TEXAS. FOR THE PAST YEAR, THEY HAVE BEEN INVESTIGATING NUMEROUS BUSINESS E-MAIL COMPROMISE (BEC) COMPLAINTS. A BEC FRAUD IS DESCRIBED AS A SOPHISTICATED SCAM TARGETING BUSINESSES THAT REGULARLY PERFORM WIRE TRANSFER PAYMENTS. THE SCAM IS CARRIED OUT BY COMPROMISING LEGITIMATE BUSINESS E-MAIL ACCOUNTS THROUGH SOCIAL ENGINEERING OR COMPUTER INTRUSION TECHNIQUES TO

| Report Officer **106124/BURGESS, B E** | Printed At **07/28/2017 11:33** | Page 2 of 5 |
|---|---|---|

*Exhibit 10b*

**779322-17**   Suppl No
ORIG

# HOUSTON POLICE DEPARTMENT

## Narrative

CONDUCT UNAUTHORIZED TRANSFERS OF FUNDS. MOST VICTIMS REPORT USING WIRE TRANSFERS AS A COMMON METHOD OF TRANSFERRING FUNDS FOR BUSINESS PURPOSES; HOWEVER, SOME VICTIMS REPORT USING CHECKS AS A COMMON METHOD OF PAYMENT. THE FRAUDSTERS WILL USE THE METHOD MOST COMMONLY ASSOCIATED WITH THEIR VICTIM'S NORMAL BUSINESS PRACTICES.

WHEN THE INVESTIGATIONS FIRST STARTED, IT APPEARED MANY SUSPECTS WERE OPENING BANK ACCOUNTS USING THEIR TRUE NAMES AND INFORMATION. THE ACCOUNTS WOULD RECEIVE BEC WIRES AND OTHER DEPOSITS FROM FRAUD VICTIMS. IN SHORT ORDER THE INVESTIGATION IDENTIFIED HUNDREDS OF ADDITIONAL BANK ACCOUNTS OPENED WITH COUNTERFEIT PASSPORTS IN AND AROUND HOUSTON THAT WERE FUNDED WITH FRAUDULENT BEC WIRE TRANSFERS. ALL OF THESE WIRES INVOLVE THE USE OF INTERSTATE WIRE COMMUNICATIONS FACILITIES. MANY OF THE FRAUDULENT ACCOUNTS ALSO RECEIVED FUNDS THAT WERE STOLEN FROM VICTIMS OF OTHER ON-LINE AND INTERNET FRAUDS, LIKE "ROMANCE" AND "LOTTERY" FRAUD. ALL PASSPORTS AND US VISAS MENTIONED IN THESE REPORTS AS COUNTERFEIT AND FRAUDULENT HAVE BEEN DETERMINED TO BE SUCH BY SPECIAL AGENTS WITH THE DEPARTMENT OF STATE, DIPLOMATIC SECURITY SERVICE.

THE FOLLOWING IS A PARAPHRASED STATEMENT GIVEN TO OFFICER BURGESS BY INSPECTOR BOYDEN:

INSPECTOR BOYDEN STATED THAT HE WAS CONTACTED BY KIMBERLY LOWER, FRAUD INVESTIGATOR WITH WELLS FARGO BANK LOCATED AT 5202 KIRBY DRIVE, IN HARRIS COUNTY, TEXAS.

INSPECTOR BOYDEN STATED THAT HE DISCOVERED THE FOLLOWING FROM MRS. TILLMAN:

ON MARCH 13, 2015, THE SUSPECT ENTERED A WELLS FARGO BANK LOCATED AT 5202 KIRBY DRIVE AND USED A GHANAIAN PASSPORT #R0465560 IN THE NAME "JUSTIN ABE" TO OPEN A NEW BANK ACCOUNT. PRIOR TO OPENING THE BANK ACCOUNT THE SUSPECT USED THE SAME PASSPORT TO OBTAIN A HARRIS COUNTY ASSUMED NAME CERTIFICATE FOR ABEJ MEDICAL SUPPLIES. THE BANK ACCOUNT WAS OPENED ON MARCH 13, 2015, AT THE WELLS FARGO BANK LOCATED AT 5202 KIRBY DRIVE, HOUSTON, HARRIS COUNTY, TEXAS 77084. THE BUSINESS ACCOUNT WAS OPENED IN THE NAME ABEJ MEDICAL SUPPLIES AND LISTED AN ADDRESS OF 12035 HUFFMEISTER RD. #937, CYPRESS, TX 77429.

INSPECTOR BOYDEN STATED THAT HE WAS PROVIDED WITH A STILL PHOTOGRAPH FROM A SURVEILLANCE CAMERA AT THE WELLS FARGO BANK THAT WAS TAKEN OF THE SUSPECT WHILE OPENING THE NEW ACCOUNT. INSPECTOR BOYDEN STATED THAT HE REVIEWED THE PHOTOGRAPH AND RECOGNIZED THE SUSPECT. INSPECTOR BOYDEN STATED THAT HE KNOWS THE SUSPECT BY NAME AND SIGHT AS BABAJIDE BABATUNDE AND THAT HE HAS PREVIOUSLY INVESTIGATED CASES INVOLVING THE SUSPECT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### SCENE DESCRIPTION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE OFFENSE OCCURRED AT A WELLS FARGO BANK LOCATED AT 4955 HWY 6 N, IN HOUSTON, HARRIS COUNTY, TEXAS.

| Report Officer | Printed At |

**779322-17** Suppl<br>ORIG

# HOUSTON POLICE DEPARTMENT
**Narrative**

```
*************************************************************
                        OFFICER'S ACTIONS
*************************************************************
```

OFFICER BURGESS WAS PRESENTED WITH THE FOLLOWING EVIDENCE FROM INSPECTOR BOYDEN:

1- NEW ACCOUNT APPLICATION AND SIGNATURE CARD FOR NEW WELLS FARGO ACCOUNT, OPENED ON MARCH 13, 2015.

2- COPY OF HARRIS COUNTY CLERK OFFICE ASSUMED NAME RECORD FILED ON MAY 5, 2015

3- STILL PHOTO OF SUSPECT OPENING BANK ACCOUNT ON MARCH 13, 2015

```
*************************************************************
                           SUSPECT
*************************************************************
```

SEE FOLLOW UP INVESTIGATION FOR SUSPECT INFORMATION

```
*************************************************************
                         DISPOSITION
*************************************************************
```

NO ARRESTS MADE

```
*************************************************************
                          EVIDENCE
*************************************************************
```

THE ABOVE LIST OF EVIDENCE WILL BE KEPT WITH THIS CASE FILE UNTIL THE COMPLETION OF THIS INVESTIGATION.

```
*************************************************************
                   FOUND/RECOVERED PROPERTY
*************************************************************
```

NONE TAGGED

| Report Officer | Printed At | |
|---|---|---|
| 106124/BURGESS, B E | 07/28/2017 11:33 | Page 4 of 5 |

# HOUSTON POLICE DEPARTMENT

**779322-17**

Suppl No
ORIG

**Narrative**

Exhibit 11

**779322-17**

Suppl No
0001

# HOUSTON POLICE DEPARTMENT

| Involvement | Arrest Type | Arrest Date | Arrest Time | Booking No | Status | Dispo . | |
|---|---|---|---|---|---|---|---|
| Arrested | Arrested | 06/21/2017 | 09:34:00 | 17-29419 | Booked | Felony | |

| Arrest Address | | | | | | City |
|---|---|---|---|---|---|---|
| 700 CAROLINE ST | | | | | | Houston |

| Dist/Beat | Transport Unit | Place of Birth | City of Birth | Transport By | District |
|---|---|---|---|---|---|
| 1A10 | 1Y27D | Nigeria | City Outside Houston Area | ROSBOROUGH, K E | 01 |

| Physical Condition |
|---|
| CLASS GOODS |

| Charge Code | | Level | Charge | |
|---|---|---|---|---|
| TAMPER GOVT REC-FEL | | F | Tampering W/ Govt Record - Fel | |

| Authorized By |
|---|
| 113258 |

| Arrest Details |
|---|
| SUSPECT WAS ARRESTED FOR OUTSTANDING FEL WARRANT FOR TAMPERING WITH A GOV DOCUMENT. SGT KUCHTA # 113258. WARR # IS 1555911 COURT # 351 NO BOND |

| Charge Code | Level | Charge | Hold Division |
|---|---|---|---|
| ~HOLD- FORGERY | HO | Hold For Forgery | BTF |

| Authorized By |
|---|
| 113258 |

| Arrest Details |
|---|
| SUSPECT WAS ARRESTED FOR OUTSTANDING FEL WARRANT FOR TAMPERING WITH A GOV DOCUMENT. SGT KUCHTA # 113258. WARR # IS 1555911 COURT # 351 NO BOND |

## Modus Operandi

| Gang Act? | NIBRS |
|---|---|
| No | BVNR |

| BWC Video(s) |
|---|
| Body Video Not Reviewed |

| Report Officer | Printed At |
|---|---|

Exhibit 12

**779322-17**   Suppl No
**0002**

# HOUSTON POLICE DEPARTMENT

  Houston Police Department
1200 Travis Street
Houston, Texas 77002
713-884-3131  Emergency Dial 9-1-1

Reported Date
**06/21/2017**
Offense Report Title
**Investigation - Forgery/Fraud/Counterfeit**
Officer Name
**BURGESS, B E**

## Administrative Information

| Agency | | Incident # | Suppl No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|
| **HOUSTON POLICE DEPARTMENT** | | **779322-17** | **0002** | **06/21/2017** | | **14:25** |

| Status | Offense Report Title |
|---|---|
| **Report Written or to Follow** | **Investigation - Forgery/Fraud/Counterfeit** |

CAD Call Type
**RMSR**

| Address | | | | | | City |
|---|---|---|---|---|---|---|
| **5202 KIRBY DR** | | | | | | **Houston** |

| ZIP Code | Dist/Beat | Station | District | From Date | From Time | |
|---|---|---|---|---|---|---|
| **77098** | **1A50** | **CENT** | **01** | **03/13/2015** | **12:00** | |

| Officer Name / Employee# | Division |
|---|---|
| **BURGESS, B E / 106124** | **BNT - Financial Crimes** |

| Report Entered By / Employee# | Division |
|---|---|
| **BURGESS, B E / 106124** | **BNT - Financial Crimes** |

| RMS Transfer | Property Trans Stat | Approving Officer | Approval Date | Approval Time |
|---|---|---|---|---|
| **Successful** | **Successful** | **106124** | **06/21/2017** | **14:25:36** |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| **1** | **27100** | **Investigation - Forg** | **Citizen Request** |

### Modus Operandi

| Gang Act? | NIBRS |
|---|---|
| **No** | **BVNO** |

BWC Video(s)
**Body Video No(No Camera Issued)**

### Brief Summary
SUSPECT ARRESTED AND CHARGED

### Narrative
INCIDENT # 779322-17

INTRODUCTION TO FOLLOW-UP INVESTIGATION:
*****************************************************

   ON JUNE 20, 2017, OFFICER B.E.BURGESS, ASSIGNED TO THE FINANCIAL CRIMES UNIT, WAS ASSIGNED THIS CASE FOR THE PURPOSE OF A FOLLOW-UP INVESTIGATION.  THIS CASE WAS WORKED IN CONJUNCTION WITH THE UNITED STATES POSTAL INSPECTOR'S OFFICE.

   THE INCIDENT REPORT WAS TITLED TAMPERING WITH A GOVERNMENT DOCUMENT.

   THE INCIDENT OCCURRED ON MARCH 13, 2016, AT A WELLS FARGO BRANCH LOCATED AT 5202 KIRBY DRIVE, IN HOUSTON, HARRIS COUNTY, TEXAS.

CASE SYNOPSIS/CASE REVIEW:
*******************************

   THIS CASE INVOLVES A TAMPERING WITH A GOVERNMENT DOCUMENT THAT OCCURRED ON OR ABOUT MARCH 13, 2016, AT 5202 KIRBY DRIVE.

| Report Officer | Printed At | |
|---|---|---|
| 106124/BURGESS, B E | 07/28/2017 11:33 | Page 1 of 6 |

Exhibit 13

**779322-17**   Suppl No 0002

# HOUSTON POLICE DEPARTMENT

**Narrative**

THE ORIGINAL REPORT, ENTERED BY OFFICER B.E.BURGESS, ASSIGNED TO THE FINANCIAL CRIMES UNIT, DETAILED THE INITIAL INVESTIGATION CONDUCTED BY UNITED STATES POSTAL INSPECTOR M. BOYDEN THAT FOUND THE SUSPECT USED A COUNTERFEIT PASSPORT TO OBTAIN A BANK ACCOUNT.

THIS FOLLOW-UP INVESTIGATION IDENTIFIED SEVERAL RELATED CASES TO INCLUDE (IN CHRONOLOGICAL ORDER):

HPD CASE# 465490-16 AND HPD CASE# 778838-17:

THE SUSPECT IN THE ABOVE INCIDENTS

BABAJIDE BABATUNDE   B/M   01-06-84

WAS CHARGED WITH THE FOLLOWING FELONY:

CHARGE: FRAUD USE/POSS ID INFO
CAUSE #1506175
COURT: DC 351

CHARGE: TAMPERING WITH A GOVERNMENT DOCUMENT
CAUSE #1555911
COURT: DC 351

PRELIMINARY FOLLOW-UP INVESTIGATION:
**************************************************

OFFICER BURGESS REVIEWED AND FAMILIARIZED HIMSELF WITH THE ORIGINAL OFFENSE REPORT AND RELATED CASES. OFFICER BURGESS DISCOVERED THE SUSPECT WAS INVOLVED IN MULTIPLE INCIDENTS INVOLVING TAMPERING WITH A GOVERNMENT DOCUMENT.

OFFICER BURGESS MET WITH INSPECTOR M. BOYDEN TO DISCUSS POSSIBLE CHARGES IN THIS CASE AND THE PRESENTATION OF EVIDENCE TO THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE.

OFFICER BURGESS CONDUCTED RESEARCH REGARDING THE PERSONAL AND CRIMINAL HISTORY, AND WANTS OR WARRANTS ON THE INDIVIDUALS INVOLVED IN THIS CASE.

*********CRIMINAL HISTORY AND INFORMATION ON SUSPECT*********

NAME: BABATUNDE, BABAJIDE TOLULOPE          SID#: TX 16167759
DOB: 01-06-84                          FBI#: 611320NG8
R/S: BLACK/MALE                        SS#: NONE
HT/WT: 5-09/190                        HPD#: 1292125
SO# 2025463
TXDL/TXID#: 34607101

| Report Officer | Printed At | |

Exhibit 14

**779322-17**    Suppl No 0002

# HOUSTON POLICE DEPARTMENT

**Narrative**

TATTOOS, MARKS, SCARS:  NONE
SUSPECT DRIVES:  UNK
ADD: 14906 WESTPARK DR #634
CI/CO/ST/ZIP:  HOUSTON,HARRIS,TEXAS,77082
ALTERNATE ADDRESS:  NONE
WORK ADDRESS:  NONE
HOME PHONE:   NONE          WORK PHONE:  NONE
PHOTO ENCLOSED Y/N: NO    PREVIOUS CRIMINAL HISTORY: YES


AT THE TIME OF THIS INQUIRY, THE SUSPECT WAS FOUND TO HAVE NO WANTS OR WARRANTS.


THE SUSPECT HAD THE FOLLOWING CRIMINAL HISTORY:

TOTAL ARRESTS      1
-----------------------------------------------------------------------
MOST RECENT OCCURRENCE      OFFENSE SUMMARY
04-12-2016          1 FRAUD USE/POSS IDENTIFYING INFO # ITEMS 5<10
LAST ARRESTING AGENCY      TXHPD0000 - HOUSTON POLICE DEPARTMENT


FOLLOW-UP INVESTIGATIONS:
*************************************

ON JUNE 20, 2017, OFFICER BURGESS MET WITH POSTAL INSPECTOR BOYDEN AND DISCOVERED THE FOLLOWING DETAILS OF THIS INVESTIGATION:

INSPECTOR BOYDEN STATED THAT HE DISCOVERED ON MARCH 13, 2015, THE SUSPECT BABATUNDE USED A FABRICATED GUINEAN PASSPORT TO OPEN A NEW ACCOUNT AT A WELLS FARGO BANK LOCATED AT 5202 KIRBY DRIVE, IN HOUSTON, HARRIS COUNTY, TEXAS.

INSPECTOR BOYDEN STATED THAT HE HAS SPENT THE LAST YEAR INVESTIGATING AND ASSISTING IN THE PROSECUTION OF NUMEROUS SUSPECTS COMMITTING ILLEGAL WIRE TRANSFERS THROUGH BANK ACCOUNTS OPENED USING COUNTERFEIT PASSPORTS. INSPECTOR BOYDEN STATED THAT HE WAS CONTACTED BY KIMBERLY LOWER, A WELLS FARGO FRAUD INVESTIGATOR, REGARDING AN ACCOUNT THAT WAS OPENED ON MARCH 13, 2015, AT A BRANCH LOCATED AT 5202 KIRBY DRIVE, USING A QUESTIONABLE GUINEAN PASSPORT (NUMBER R0465560).

OFFICER BURGESS AND INSPECTOR BOYDEN WERE ABLE TO OBTAIN THE WELLS FARGO BANK ACCOUNT RECORDS THAT INCLUDED THE NEW ACCOUNT APPLICATION, A COPY OF THE GUINEAN PASSPORT (NUMBER R0465560), AND A SURVEILLANCE PHOTOGRAPH OF THE INDIVIDUAL OPENING THE NEW ACCOUNT.

INSPECTOR BOYDEN RECOGNIZED THE INDIVIDUAL DEPICTED IN THE SURVEILLANCE PHOTOGRAPH AS THE SUSPECT BABAJIDE BABATUNDE. OFFICER BURGESS WAS ABLE TO OBTAIN A RECENT BOOKING PHOTOGRAPH OF THE SUSPECT BABAJIDE BABATUNDE AND DISCOVERED THAT THE BOOKING PHOTOGRAPH AND THE SURVEILLANCE PHOTOGRAPH WERE THE SAME INDIVIDUAL.

OFFICER BURGESS WAS ALLOWED TO REVIEW THE GUINEAN PASSPORT (NUMBER R0465560) PRESENTED BY THE SUSPECT TO OPEN THE WELLS FARGO BANK ACCOUNT.  OFFICER BURGESS WAS ABLE TO CONTACT KATE LANDSTON, AN INVESTIGATOR WITH THE UNITED STATES STATE DEPARTMENT IN HOUSTON, TEXAS. MRS. LANDSTON WAS ABLE TO VERIFY THE AUTHENTICITY OF

Exhibit 15·

**779322-17**  Suppl No 0002

# HOUSTON POLICE DEPARTMENT

**Narrative**

THE SUSPECT WAS ARRESTED WITHOUT INCIDENT AND TAKEN FROM THE COURT TO THE 700 BLOCK OF CAROLINE, WHERE OFFICERS MET WITH TRANSPORT UNIT# 1Y27 (OFFICER K.E. ROSBOROUGH).   THE SUSPECT WAS TRANSPORTED TO THE CENTRAL JAIL FACILITY TO BE PROCESSED.

HOLD RELEASE:
*********************

ON JUNE 21, 2017, AT APPROXIMATELY 16:00 HOURS, AFTER THE AFIS INFORMATION ON THE SUSPECT BABATUNDE WAS RETURNED, OFFICER BURGESS RELEASED THE HOLD ON THE SUSPECT.

CASE CONCLUSION:
*********************

THIS CASE INVOLVES A TAMPERING WITH A GOVERNMENT DOCUMENT THAT OCCURRED ON OR ABOUT MARCH 13, 2016, AT 5202 KIRBY DRIVE, A LOCATION IN THE CITY LIMITS OF HOUSTON, HARRIS COUNTY, TEXAS.

THE SUSPECT USED A COUNTERFEIT PASSPORT TO OBTAIN A BANK ACCOUNT.

INVESTIGATING OFFICER WAS ABLE TO GATHER EVIDENCE AND PRESENTED EVIDENCE TO THE HARRIS COUNTY COURT HOUSE.

SUBSEQUENT FOLLOW UP INVESTIGATION CONDUCTED BY OFFICER BURGESS RESULTED IN THE CHARGING OF THE SUSPECT FOR TAMPERING WITH A GOVERNMENT DOCUMENT.

CHARGE INFORMATION:
***************************

CHARGE:   TAMPERING WITH A GOVERNMENT DOCUMENT
CAUSE ## 1555912
COURT SET IN: DIST 351
BOND AMOUNT:   NO BOND

SUSPECT STATUS:
*******************

ARRESTED AND CHARGED

| Report Officer | Printed At 07/28/2017 11:32 | Page 5 of 6 |

Exhibit 16

351 Penl 02845688 p.4

THE STATE OF TEXAS
VS.
**BABAJIDE TOLULOPE BABATUNDE**
14906 WESTPARK DR, APT #634
HOUSTON, TX 77082

**02845688**

SPN:
DOB: B M 1/6/1984
DATE PREPARED: 6/20/2017

D.A. LOG NUMBER: 2363829
CJIS TRACKING NO.:
BY: GC  DA NO: 2333841
AGENCY: HPD
O/RN NO: 77883817
ARREST DATE: TO BE

**FILED**
Chris Daniel
District Clerk
JUN 20 2017
Time: _____
Harris County, Texas
By _____

NCIC CODE: 4802 32          RELATED CASES:  SAME DEF- 2 FEL

FELONY CHARGE: TAMPERING GOVERNMENTAL RECORD

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:          **1555911**
FIRST SETTING DATE:                                      **351**

BAIL:
PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **BABAJIDE TOLULOPE BABATUNDE**, hereafter styled the Defendant, heretofore on or about **March 13, 2015**, did then and there unlawfully, intentionally and knowingly present and use a record, attached hereto as Exhibit A, with knowledge of its falsity and with the intent that it be taken as a genuine governmental record, to-wit: Guinea passport and the actions of the defendant were done with the intent to defraud and harm another.

PROBABLE CAUSE:

YOUR AFFIANT, BRANDON BURGESS, IS A TEXAS PEACE OFFICER EMPLOYED BY THE HOUSTON POLICE DEPARTMENT. YOUR AFFIANT BELIEVES AND HAS REASON TO BELIEVE THAT  BABAJIDE TOLUOPE BABATUNDE, HEREAFTER REFERRED TO AS THE DEFENDANT, COMMITTED THE FELONY OFFENSE OF TAMPERING WITH A GOVERNMENT RECORD WITH INTENT TO DEFRAUD ON OR ABOUT MARCH 13, 2015, IN HARRIS COUNTY, TEXAS.

YOUR AFFIANT BASES HIS BELIEF ON THE FOLLOWING:

YOUR AFFIANT BECAME AWARE OF THIS INCIDENT WHEN HE WAS ASSIGNED TO COMPLETE A FOLLOW UP INVESTIGATION UNDER HOUSTON POLICE DEPARTMENT INCIDENT NUMBER 779322-17, INVOLVING A JOINT INVESTIGATION BETWEEN THE UNITED STATES POSTAL INSPECTION SERVICE AND THE HOUSTON POLICE DEPARTMENT.  INVESTIGATORS DISCOVERED THAT ON MARCH 13, 2015, THE DEFENDANT BABATUNDE USED A FABRICATED GUINEAN PASSPORT TO OPEN A NEW ACCOUNT AT A WELLS FARGO BANK LOCATED AT 5202 KIRBY DRIVE, IN HOUSTON, HARRIS COUNTY, TEXAS.

YOUR AFFIANT HAS SPOKEN WITH INSPECTOR MATTHEW BOYDEN, A CREDIBLE AND RELIABLE PERSON, EMPLOYED BY THE UNITED STATES POSTAL INSPECTION SERVICE.  INSPECTOR BOYDEN STATED THAT HE HAS SPENT THE LAST YEAR INVESTIGATING AND ASSISTING IN THE PROSECUTION OF NUMEROUS SUSPECTS COMMITTING ILLEGAL WIRE TRANSFERS THROUGH BANK ACCOUNTS OPENED USING COUNTERFEIT PASSPORTS.  INSPECTOR BOYDEN STATED THAT HE WAS CONTACTED BY KIMBERLY LOWER, A WELLS FARGO FRAUD INVESTIGATOR, REGARDING AN ACCOUNT THAT WAS OPENED ON MARCH 13, 2015, AT A BRANCH LOCATED AT 5202 KIRBY DRIVE,  USING A QUESTIONABLE GUINEAN PASSPORT (NUMBER R0465560).  YOUR AFFIANT AND INSPECTOR BOYDEN WERE ABLE TO OBTAIN THE WELLS FARGO BANK ACCOUNT RECORDS THAT INCLUDED THE NEW ACCOUNT APPLICATION, A COPY OF THE GUINEAN PASSPORT (NUMBER R0465560), AND A SURVEILLANCE PHOTOGRAPH OF THE INDIVIDUAL OPENING THE NEW ACCOUNT.  FROM PREVIOUS INVESTIGATIONS, INSPECTOR BOYDEN RECOGNIZED THE INDIVIDUAL DEPICTED IN THE SURVEILLANCE PHOTOGRAPH AS THE DEFENDANT BABAJIDE BABATUNDE.  YOUR AFFIANT WAS ALSO ABLE TO OBTAIN A RECENT BOOKING PHOTOGRAPH OF THE DEFENDANT BABAJIDE BABATUNDE AND YOUR AFFIANT DISCOVERED THAT THE BOOKING PHOTOGRAPH AND THE SURVEILLANCE PHOTOGRAPH WERE THE SAME INDIVIDUAL.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

YOUR AFFIANT WAS ABLE TO REVIEW THE GUINEAN PASSPORT (NUMBER R0465560) PRESENTED BY THE DEFENDANT TO OPEN THE WELLS FARGO BANK ACCOUNT. YOUR AFFIANT WAS ABLE TO CONTACT KATE LANDSTON, AN INVESTIGATOR WITH THE UNITED STATES STATE DEPARTMENT, IN HOUSTON, TEXAS. YOUR AFFIANT ASKED MRS. LANDSTON TO VERIFY THE AUTHENTICITY OF THE PASSPORT. MRS. LANDSTON INFORMED YOUR AFFIANT THAT THE PASSPORT WAS IN FACT A FORGERY AND THE PASSPORT NUMBER WAS FABRICATED.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on June 20, 2017

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS
Bar No. (9057852)

COMPLAINT

Unofficial Copy Office of Chris Daniel District Clerk

Falsification and Inconsistency in Inspector's and Police
Complainants and Report.

Report # 778838-17

Exhibit 1 - Initial Report by Mathew Boyden (United States
Postal Inspector).

- Made on 06/20/2017

- To and recorded by Officer Brandon Burgess (106124)

*(See incident Address and date)


Exhibit 2 - Reportee's information and Complaint interview
06/20/2017

-Says Officer Burgess was contacted by United States
Postal Inspector Mathew Boyden

-Discussed investigation of a Ghanian passport used
to open an account at First Convinience Bank at
4955 Hwy 6 N; Houston on August 3,2015.

(Please note the name of Bank,Address,date and
nacionalty of Passport).


Exhibit 3 -Inspector Boyden made a "PARAPHRASED" statement
entered by Officer Burgess.

-Inspector Boyden said he was contacted by RENEE
TILLMAN. The manager of First Convinience Bank
located at 4955 Hwy 6 N.

-Inspector Boyden stated that on August 3,2015, a
Ghanian passport (#R0465560) was used to open a bank
account out the above named Bank and location- First

First Convinience Bank, 4955 Hwy 6 N.

-Inspector Boyden stated that he recognized the
Defendant Babajide Babatunde from the survillance
camera at First Convinience Bank as someone is has
previously investigated(on his radar).

-Scene description reaffirms the location of the
offense at First Convienece Bank at 4955 Hwy 6 N.
in Houston. (Warrant obtained and suspect awested.

**Exhibit 4** -06/21/2017, Follow up investigation after warrant
obtained and suspect awested.

-NOw, Officer Burgess stated that incident occurred
on August 3,2016 at First Convinience Bank at 4955
Hwy 6 N, Houston.

-Officer Burgess reaffirms he worked in conjuction
with Inspector Mathew.

**Exhibit 5** -Officer Burgess <u>reviewed</u> and <u>familiarized</u> himself
with the report.

-Officer Burgess met with Inspector Boyden to discuss
charges.

**Exhibit 6** -Officer entered that Defendant had previous criminal
history over a case that was still pending on court.
He did this is validate his falsification.

-In a follow up investigation, Officer Burgess said
he met with Inspector Boyden on 06/20/2017.

-Officer Burgess stated that the suspect used a
fabricated <u>Guinean</u> passport to open an account on
March 13,2016, at First Convinience Bank, 4955 Hwy 6
N, Houston.

(Please note that it was formally a Ghanian
Passport and the date has also changed from August 3,
2015 to August 3,2016, and now to March 13,2016, them
March 13,2015.

-Inspector Boyden said he was contacted by Kimberly
Lower of same First Convinience Bank at 4955 Hwy 6 N,
about an account that was opened March 13,2015 using
a questionable guinean Passport (R0465560).

-Officer Burgess reviewed Passport (guinean Passport
R0465560)

-Officer Burgess contacted Kate Landston, an
Investigator with U.S. Department of State to verify
passport for anthemticity.

**Exhibit 7** -06/20/2017 - case presented to D.A.
-Warrant issued.

**Exhibit 8** -Arrest made
-Case conclusion stated date of incident on August 3,
2016.

**Exhibit 9** -06/20/2017 - Another report by repoter Inspector
Mathew Boyden same day incident # 779322-17.

**Exhibit 10** –Reported an incident that occurred at Wells Fargo

–Bank at 4955 Hwy 6 N, Houston (note that is same

address for First Cinvinience Bank) on March 13,2015

using a Ghanian passport.

–Inspector Boyden stated he was contacted by Kimberly

Lower of Wellsfargo Bank at 5202 Kirby Dr. Houston.

–Them also inconsistently stated that it was Mrs.

Tillman (First Convinience Bank still making emphasis

to a Ghanian passport.

–At the scene description, he said it was at

Wellsfargo Bank at 4955 Hwy 6 N, Houston,Texas – (Same

First Convinience Bank address)

**Exhibit 11** -**Arrest** Address entered 700 Carroline St. Real Place of arrest- 1201 franklin St, Houston (Harris County Court).

**Exhibit 12** -Follow up Investigation
-Says incident occurred March 13,2016 at Wellsfargo on 5202 Kirby Dr. Houston.

**Exhibit 13** -Officer Burgess met with Inspector Boyden to discuss charges and,

**Exhibit 14** -Stated March 13,2015 suspect used a <u>Guinean</u> passport (CR046556) to open wellsfargo account on 5202 Kirby Drive, Houston.
-Inspector Boyden stated he was contacted by <u>KImberly Lower</u> of Wellsfargo.
Note:(Kinberly was formally identified as a staff of First Convienence Bank).
-The dame verbatim statement followed as that of report 778838-17.

**Exhibit 15** -Case Conclusion
-Incident happened on or about, March 13,2006 at 5202 Kirby Dr, Houston.
(By "on or about" shouldn't imply same day but reasonably close date)

**Exhibit 16** – The Affiant, Officer Brandon Burgess under Oath
expresses Inspector Mathew Boyden as a credible
and reliable person acting under the color of the
United States Postal Inspection Service. This, am
act to validate the accurancy of the report.

Exhibit 1

MATERIAL EVIDENCE



## Eric L Rhodes

Payment to $EricLRhodes

# $550.00

For Jide

Aug 8 at 5:36 PM

MATERIAL EVIDENCE C

✓ Completed

Web Receipt

X

Exhibit



# Eric L Rhodes

Payment from $EricLRhodes

# $550.00

For Refund of filing fee

Aug 23 at 5:30 PM

✓ Received

BABAJIDE T. BABATUNDE
BOP# 39323479
L.C.U.C III
P.O.BOX 2038
PECOS, TX 79772

CERTIFIED MAIL®

7016 0600 0001 0798 7839

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

THE CLERK,
THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
515 RUSK STREET,
HOUSTON, TX 77002

United States Courts
Southern District of Texas
FILED

JAN 27 2020

David J. Bradley, Clerk of Court



U.S. POSTAGE >> PITNEY BOWES

ZIP 79772 $ 006.15⁰
02 4W
0000364262 JAN 23 2020