United States District Court
Southern District of Texas
**ENTERED**
April 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-18-176 |
| | § | |
| BABAJIDE TOLULOPE BABATUNDE | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Babajide Tolulope Babatunde (Register No. 39323-479), was convicted of false use of a passport and sentenced to 30 months' imprisonment in this case. Although this case has been closed since July 25, 2019, the defendant has filed numerous pro se motions. Now pending is the defendant's Rule 41(g) Motion for Return of Seized Properties ("Motion for Return of Property")(Docket Entry No. 69). The United States has filed the Government's Response to Defendant's Motion for Return of Property ("Government's Response") (Docket Entry No. 88) and the defendant has filed a Reply to Government's Response to Defendant's Motion for Return of Property ("Defendant's Reply") (Docket Entry No. 92).

Other motions filed by the defendant include: a Request for 'Sentencing' Transcript (Docket Entry No. 70); a Motion for Reconsideration of 2255 Motion Order to Show Cause ("Motion for Reconsideration") (Docket Entry No. 90); a Request to Withdraw Appeal (Docket Entry No. 91); a Motion for Summary Judgment (Docket Entry No. 95); a Motion for Relief under Rule 60 of the Federal

Rules of Civil Procedure (Docket Entry No. 99); a letter objecting to the Third Addendum to the Presentence Investigation Report (Docket Entry No. 100); and a letter objecting to his continued incarceration due to an error in calculating his sentence (Docket Entry No. 102).[1]

The court has carefully reviewed all of the submissions in this criminal action. Based upon this review and the application of governing legal authorities, the court will deny the defendant's Motion for Return of Property for the reasons explained below. The court will also address the other motions filed by the defendant after briefly summarizing the background and procedural history of this case.

## I.   Background and Procedural History

On March 29, 2018, a grand jury returned an Indictment against the defendant, charging him with five counts of using a counterfeit passport to open bank accounts at several different financial institutions in violation of 18 U.S.C. §§ 1543 and 2.[2] Investigators determined that the defendant used different counterfeit passports to open numerous bank accounts in the Houston

---

[1]There are two copies of this letter in the record. See Docket Entry Nos. 101, 102. Because the letters are identical, the court refers only to the later copy (Docket Entry No. 102).

[2]Indictment, Docket Entry No. 1, pp. 1-3. All page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

area, which were then used to receive wire transfers with proceeds obtained by fraud.[3] The investigation confirmed that the defendant was accountable for an intended loss amount of $1,098,275.24, but not for other fraudulent wire transfers in the amount of $1,410,272.10, because actual losses associated with those transactions had not been determined.[4]

On October 30, 2018, the defendant entered a guilty plea to count one of that Indictment pursuant to a written plea agreement.[5] The Probation Office determined that the defendant's base offense level score was six under the relevant United States Sentencing Guidelines, but recommended a two-level enhancement for the defendant's use of sophisticated means in committing the offense and an additional 14-level enhancement because the intended loss amount exceeded $550,000.00, for a total offense score of 22.[6] With a reduction of three levels for acceptance of responsibility that resulted in a total offense score to 19 and zero criminal history points, the defendant faced a potential range of 30-37 months' imprisonment under the Sentencing Guidelines.[7] On July 25,

---

[3]Presentence Investigation Report ("PSR"), Docket Entry No. 40, pp. 4-6.

[4]Third Addendum to the PSR, Docket Entry No. 50, p. 1.

[5]Plea Agreement, Docket Entry No. 31, pp. 1-12.

[6]PSR, Docket Entry No. 40, p. 8.

[7]Id. at 8-9, 14.

2019, the court sentenced the defendant at the low end of the recommended Guidelines range to a term of 30 months' imprisonment followed by a three-year term of supervised release.[8]

The defendant filed a notice of appeal from his conviction and sentence.[9] Thereafter, the Fifth Circuit appointed new counsel to represent the defendant in connection with his appeal.[10]

While his appeal was pending the defendant filed a Motion for Return of Property under Rule 41(g) of the Federal Rules of Criminal Procedure on October 24, 2019, asking for the return of a Rolex watch, two I-phones, and a Samsung phone handset that were taken by law enforcement upon his arrest.[11] Subsequently, on October 28, 2019, the court received the defendant's request for a copy of his sentencing transcript, which had been ordered by defendant's appointed appellate counsel.[12]

On November 4, 2019, the defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside Sentence by a Person in Federal Custody ("Defendant's § 2255 Motion"), which was

---

[8]Sentencing Transcript, Docket Entry No. 67, p. 8; Judgment in a Criminal Case, Docket Entry No. 54, pp. 2-3.

[9]See "Decision Regarding My Appeal," Docket Entry No. 56, which was docketed as a Notice of Appeal and filed with the Fifth Circuit as Appeal No. 19-20551.

[10]Letter from Fifth Circuit, Docket Entry No. 62, pp. 1-3.

[11]Motion for Return of Property, Docket Entry No. 69, p. 1.

[12]Request for 'Sentencing' Transcript, Docket Entry No. 70, pp. 1-2.

accompanied by a Memorandum in Support of Motion to Vacate Set Aside or Correct Sentence in Pursuant to 28 U.S.C. § 2255 ("Memorandum in Support"), asserting numerous claims of ineffective assistance against the defendant's trial counsel.[13] The government filed a response, noting that his direct appeal had not yet been decided and arguing that Defendant's § 2255 Motion should be dismissed as premature.[14] On November 25, 2019, the court dismissed Defendant's § 2255 Motion without prejudice because his direct appeal was still pending.[15]

The defendant has filed more than one motion seeking relief from the Order that dismissed his § 2255 Motion,[16] noting that his appeal has been dismissed at his request.[17] Court records confirm that the appeal was dismissed on January 7 2020, upon the appellant's own motion.[18] As such, the defendant's Request to Withdraw his Appeal, which this court received on December 12,

---

[13] Defendant's § 2255 Motion, Docket Entry No. 73, pp. 4-8 (listing multiple allegations of ineffective assistance in four grounds for relief); Memorandum in Support, Docket Entry No. 74, pp, 1-2 (listing a total of eleven allegations of ineffective assistance).

[14] United States' Response to Babatunde's Motion Under 28 U.S.C. § 2255, Docket Entry No. 80, pp. 3-6.

[15] Order, Docket Entry No. 86, pp. 1-2.

[16] Motion for Reconsideration, Docket Entry No. 90, p. 4.

[17] Motion for Relief, Docket Entry No. 99, pp. 1-8.

[18] Copy of the Fifth Circuit's Order in United States v. Babatunde, No. 19-20551, dated January 7, 2020, Docket Entry No. 93, p. 1.

2019, is now moot.[19]  Wishing to proceed with his § 2255 Motion, the defendant has also filed a Motion for Summary Judgment on his ineffective-assistance claims.[20]  In addition, the defendant has filed two letter motions that raise objections to the calculation of his sentence under the Guidelines.[21]

## II. Discussion

### A. The Motion for Return of Property

The defendant seeks the return of property under Rule 41(g) of the Federal Rules of Criminal Procedure, referencing several items that were taken by law enforcement upon his arrest, but were not considered evidence or subject to forfeiture in this case.[22]  Rule 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property

---

[19]Request to Withdraw Appeal, Docket Entry No. 91, pp. 1-2. The request consists of a letter to his appointed counsel, but the Clerk's Office docketed the request as a "Motion."  In addition to the fact that this Motion is now moot, a district court lacks jurisdiction over matters pending before the Fifth Circuit.  For this additional reason, the defendant's Request to Withdraw Appeal will be denied.

[20]Motion for Summary Judgment, Docket Entry No. 95, pp. 1-66.

[21]Letter Regarding Addendum to PSR, Docket Entry No. 100, pp. 1-3; Letter Regarding Incarceration, Docket Entry No, 102, pp. 1-4.

[22]Motion for Return of Property, Docket Entry No. 69, p. 1.

and its use in later proceedings.

Fed. R. Crim. P. 41(g). "When criminal proceedings have concluded, courts treat a motion for the return of property as a civil suit invoking the courts' general equity jurisdiction under 28 U.S.C. § 1331." United States v. Bacon, 546 F. App'x 496, 499 (5th Cir. 2013); see also Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000) (explaining that it is appropriate to treat a pro se motion under Rule 41(g) as one seeking the appropriate remedy).

The government responds that the items are in possession of the case agent, who has attempted to return them to the defendant.[23] The government has asked the defendant, who is presently incarcerated, to designate in writing a person who is authorized to receive the items.[24] To date, however, the defendant has failed to respond or identify anyone.[25]

The defendant concedes that he received a letter from the case agent on November 1, 2019, but that he does not "presently have any trusted person that he can designate to take possession of the property on his behalf[.]"[26] The defendant also concedes that he is

---

[23] Government's Response, Docket Entry No. 88, p. 1.

[24] Id.

[25] Id.

[26] Defendant's Reply, Docket Entry No. 92, p. 1.

not allowed to take receipt of the items while he is incarcerated.[27] In a Reply that is dated December 23, 2019, the defendant asked for 60 days to name a trusted person to receive his property.[28] More than 60 days have passed, however, and the defendant has not yet identified an authorized recipient. Until the defendant designates a person who is authorized to take receipt of his property while he is confined the Motion for Return of Property under Rule 41(g) will be denied.

**B.    The Request for a Copy of the Sentencing Transcript**

The defendant requests a copy of his sentencing transcript at government expense.[29] In support of that request, the defendant invokes the Freedom of Information Act ("FOIA"),[30] which applies to agencies and departments of the federal government. See 5 U.S.C. § 552(f)(1). Federal courts are specifically excluded from FOIA's definition of "agency" and are exempt from its disclosure requirements. See 5 U.S.C. § 551(1)(B) (excluding "the courts of the United States"). As a result, the defendant cannot show that he is entitled to a copy of his transcript under FOIA.

---

[27] Id.

[28] Id. at 1-2.

[29] Request for 'Sentencing' Transcript, Docket Entry No. 70, pp. 1-2.

[30] Id. at 1.

The defendant also invokes the Due Process Clause.[31] Although an indigent defendant may be authorized to have transcripts at government expense for his appeal under 28 U.S.C. § 753(f), the Supreme Court has held that there is no corresponding due process right to a free transcript for use in connection with a motion under 28 U.S.C. § 2255. See United States v. MacCollom, 96 S. Ct. 2086, 2091 (1976) (holding that a defendant who has forsaken an appeal may not later "assert a due process right to review of his conviction and thereby obtain a free transcript on his own terms as an ancillary constitutional benefit").

The defendant does not state whether he has contacted his appellate counsel to obtain copies of the transcripts that were ordered for purposes of his appeal. The defendant does not otherwise provide specific facts showing that the sentencing transcript is needed to decide any of the claims presented in his motion under 28 U.S.C. § 2255 or that he has a non-frivolous argument to make about the calculation of his sentence. Under these circumstances, the defendant's request for a free copy of his sentencing transcript will be denied.

## C. The Motions for Reconsideration or Relief From the Dismissal of Defendant's § 2255 Motion

The defendant has filed a Motion for Reconsideration and a Motion for Relief under Rule 60(b) of the Federal Rules of Civil

---

[31] Id.

Procedure from the Order that was entered on November 25, 2019, dismissing Defendant's § 2255 Motion.[32] As noted above, Defendant's § 2255 Motion was dismissed without prejudice because his direct appeal was still pending.[33] The defendant wishes to reinstate his § 2255 Motion because his appeal has now been dismissed.[34]

So that the defendant's claims of ineffective-assistance can be considered, the court will vacate the Order entered on November 25, 2019, and reinstate Defendant's § 2255 Motion, which was assigned Civil Action No. H-19-3460 for administrative purposes. Therefore, the defendant's Motion for Reconsideration will be granted.

The defendant's Motion for Relief under Rule 60(b), which also asks for additional relief unrelated to the Order entered on November 25, 2019, will be denied for reasons explained briefly below. The defendant's Motion for Summary Judgment on his § 2255 Motion will also be denied at this time, subject to reconsideration by the court after the government has filed an amended response to Defendant's § 2255 Motion.

**D.   Motions for Relief from the Judgment and Sentence**

In his Motion for Relief under Rule 60 of the Federal Rules of

---

[32]Motion for Reconsideration, Docket Entry No. 90, pp. 1-4; Motion for Relief, Docket Entry No. 99, pp. 1-8.

[33]Order, Docket Entry No. 86, pp. 1-2.

[34]Motion for Relief, Docket Entry No. 99, p. 5.

Civil Procedure, the defendant argues that his sentence was calculated incorrectly under the Guidelines and he seeks relief from the Judgment entered against on July 25, 2019, as well as "release on time served" while this claim is being litigated.[35] His sole argument is that his sentence was enhanced improperly by 14 levels because he was held accountable for an intended loss amount in excess of $550,000.00.[36]

Under Rule 60(b) of the Federal Rules of Civil Procedure a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b) (2019). The defendant cannot show that he is entitled to relief from the Judgment in his criminal case under

---

[35]Motion for Relief, Docket Entry No. 99, pp. 1, 3-5.

[36]Id. at 3-5.

Rule 60(b) because the Federal Rules of Civil Procedure apply only to "civil actions and proceedings." Fed. R. Civ. P. 1. Because the Federal Rules of Civil Procedure do not apply in criminal proceedings, "Rule 60(b) 'simply does not provide for relief from a judgment in a criminal case.'" United States v. Roberts, 360 F. App'x 584, 585 (5th Cir. 2010) (per curiam) (quoting United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (Dennis, J., dissenting from grant of motion for temporary stay pending appeal)); see also United States v. Thomas, 88 F. App'x 805, 806 (5th Cir. 2004) (per curiam) (describing a criminal defendant's Rule 60(b) motion as "unauthorized and without jurisdictional basis," rendering it "meaningless").

The defendant has filed two other letter motions objecting to his continued incarceration, repeating the argument that his sentence was improperly enhanced and, therefore, miscalculated.[37] If a defendant believes that his sentence has been calculated incorrectly under the Sentencing Guidelines, he may raise that claim on direct appeal, but not on collateral review. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); see also United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (explaining that a claim concerning a district court's technical application of the Sentencing Guidelines presents a non-

---

[37]Letter Regarding Addendum to PSR, Docket Entry No. 100, p. 1; Letter Regarding Incarceration, Docket Entry No, 102, pp. 1-2.

constitutional issue that must be raised on appeal, but does not state a cognizable claim for review under 28 U.S.C. § 2255). Because the defendant does not cite any valid authority for objecting to the PSR or the calculation of his sentence at this stage of his criminal proceeding, the letter motions that attack his continued incarceration pursuant to that sentence are denied as unauthorized. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

Alternatively, the defendant's bare allegations do not show that he was improperly held accountable for the intended loss amount reflected in the Third Addendum to the PSR or that his sentence was calculated incorrectly under the Guidelines.[38] Because his objections are without merit for this additional reason, the defendant's Motion for Relief under Rule 60 and his letter motions objecting to the sentence will be denied for this additional reason.

### III.  Conclusion and Order

Accordingly, it is **ORDERED** that

1. The Motion for Reconsideration of 2255 Motion Order to Show Cause filed by the defendant, Babajide Tolulope Babatunde (Docket Entry No. 90) is **GRANTED**.

2. The Order dated November 25, 2019, dismissing the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside Sentence by a Person

---

[38]PSR, Docket Entry No. 40, p. 8; Third Addendum to the PSR, Docket Entry No. 50, p. 1.

   in Federal Custody without prejudice (Docket Entry No. 86) is **VACATED**.

3.  The Clerk's Office shall **RE-OPEN** Civil Action No. H-19-3460 pending a final decision on Defendant's § 2255 Motion.

4.  The government shall file an amended response to the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside Sentence by a Person in Federal Custody (Docket Entry No. 73) within **forty (40) days** from the date of this Order.

5.  All other motions filed by the defendant, including the Rule 41(g) Motion for Return of Seized Properties (Docket Entry No. 69); Request for 'Sentencing' Transcript (Docket Entry No. 70); Request to Withdraw Appeal (Docket Entry No. 91); Motion for Summary Judgment (Docket Entry No. 95); Motion for Relief under Rule 60 of the Federal Rules of Civil Procedure (Docket Entry No. 99); the letter objecting to the Third Addendum to the PSR (Docket Entry No. 100); and the letter objecting to his continued incarceration (Docket Entry No. 102) are **DENIED**.

The Clerk's Office shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 16th day of April, 2020.

                 _____
                       SIM LAKE
              SENIOR UNITED STATES DISTRICT JUDGE